**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                   No. 97-4426

ERIC WHEELER, a/k/a E,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                   No. 97-4475

CEDRIC HUSKEY,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of North Carolina, at Shelby.
Lacy H. Thornburg, District Judge.
(CR-96-53)

Submitted: June 30, 1998

Decided: July 22, 1998

Before HAMILTON and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles R. Brewer, Asheville, North Carolina; William E. Loose, Asheville, North Carolina, for Appellants. Mark T. Calloway, United States Attorney, Deborah A. Ausburn, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Eric Wheeler and Cedric Huskey appeal their jury convictions on drug conspiracy charges in violation of 21 U.S.C.A.§ 846 (West Supp. 1998) and Wheeler also appeals his conviction for use of a firearm during a drug offense in violation of 18 U.S.C.A. § 924(c)(1) (West Supp. 1998). We affirm.

Both Appellants first contend that their Sixth Amendment right to a jury venire that is a fair cross-section of the community was violated. We conclude that Appellants failed to establish a prima facie Sixth Amendment violation because they failed to show "systematic exclusion" of African Americans from the jury venire. See Truesdale v. Moore, 142 F.3d 749 (4th Cir. 1998).

Appellants do not dispute that the venire was chosen randomly from voter registration roles. (Appellants' Reply Br. at 3). The use of voter registration roles has been consistently upheld unless the role in question was compiled in a discriminatory manner. See Truesdale, 142 F.3d at 755. Defendants argue that they have shown systemic exclusion in three ways. First, they rely upon "discrepancy in the minority population versus the minorities that are registered to vote in" the district court divisions. (Appellants' Reply Br. at 4). Next, they argue that in addition to this case, in three other cases the jury

2

selection process resulted in venires which had no African American members. (Appellant's Reply Br. at 4-5). Finally, they note that the district court did not allow defense counsel to explore the distances that the potential jurors lived from the Shelby Division of the Western District of North Carolina. Appellants contend that they should have been tried in the Shelby Division rather than the Statesville Division. These arguments fail to show that Appellants established the systematic exclusion element. They may not substitute evidence of substantial underrepresentation for evidence of systematic exclusion. See Truesdale, 142 F.3d at 755. Therefore, we conclude that the district court did not err in denying the motion for a mistrial on the Sixth Amendment claim.

Appellants next present several sentencing guidelines claims. Huskey claims that the district court erred in finding that he was a career criminal under U.S. Sentencing Guidelines Manual § 4B1.1 (1995). He contends that the district court erred in treating two state misdemeanor convictions as "crimes of violence" under the Guidelines. Because the offenses were state two-year misdemeanors at the time of Huskey's conviction, however, they were properly treated as crimes of violence under § 4B1.1. See United States v. Johnson, 114 F.3d 435, 445 (4th Cir.), cert. denied, 118 S. Ct. 257 (1997). Huskey's next argument that the court erred in determining the amount of cocaine base for which he should be accountable assumes that the trial court erred in finding that he was a career offender. Because we find no error in the career offender determination, we decline to address this argument.

The district court found that Wheeler was a career offender pursuant to U.S.S.G. § 4B1.1 and that he was subject to a mandatory minimum term of imprisonment of life under 21 U.S.C.A.§ 841(b)(1)(A) (West Supp. 1998) and 18 U.S.C. § 851 (West 1981). Wheeler argues that the court erred in sentencing him to the mandatory minimum because his New Jersey conviction for possession of drug paraphernalia with the intent to deliver is not a "felony drug offense" under those statutes. A "felony drug offense" is an offense "punishable by imprisonment for more than one year under any law . . . of a State . . . that prohibits or restricts conduct relating to narcotic drugs, marihuana, or depressant or stimulant substances." 21 U.S.C.A.§ 802(44) (West Supp. 1998). New Jersey law makes one convicted of possession of

3

drug paraphernalia with the intent to distribute subject to imprisonment for a term not to exceed eighteen months. See N.J. Stat. Ann. §§ 2C:36-3 & 2C:43-6 (West 1997). Thus, we find no error in treating this conviction as a "felony drug offense."

Wheeler next argues that the Government's notice that he was subject to enhancement of his sentence due to his prior "felony drug offenses" was defective because the Information filed by the Government recited the offense as "dangerous drugs" rather than possession of drug paraphernalia. The Information listed the correct date of conviction and the correct court, however. We conclude that the Information conveyed enough correct details of Wheeler's prior conviction to give him reasonable notice of the government's intention and to enable him to challenge the conviction in the district court. See United States v. Jackson, 121 F.3d 316, 319-21 (7th Cir. 1997). Thus, this claim merits no relief.

Wheeler's final Guidelines claim is that the district court erred in finding that he was a career offender because two prior convictions should have been treated as "related" and thus as a single conviction under U.S.S.G. § 4A1.2(a)(2). He was arrested on the first on February 8, 1989, and the second on April 3, 1989. "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest." U.S.S.G. § 4A1.2, comment. (n.3). The PSR's description of the offenses shows that there was an intervening arrest between these two offenses, and this disqualifies them from being considered related offenses. We find no merit in Wheeler's claim that the district court failed to give him the opportunity to argue against the propriety of relying on the convictions set out in the Information. See J.A. at 958-62. Accordingly, we reject Wheeler's claim that the district court erred in finding that he was a career offender.

Appellants next argue that the district court erred by not using a conversion ratio for cocaine powder to cocaine base. We conclude that this claim lacks merit because witnesses testified as to the amounts of cocaine base actually obtained by converting the powder cocaine to cocaine base. See J.A. at 498, 502.

Wheeler next contends that the district court erred by failing to make specific findings on his objections to his PSR. Fed. R. Crim. P.

4

32 provides that "[e]xcept for any unresolved objection under subdivision (b)(6)(B), the court may, at the hearing, accept the presentence report as its findings of fact." The district court heard argument on each objection and made a finding after each objection. The court's judgment also recites that it "adopts the factual findings and guideline application in the presentence report." (J.A. 1094). "A mere objection to the finding in the presentence report is not sufficient . . . . Without an affirmative showing the information is inaccurate, the court is `free to adopt the findings of the [presentence report] without more specific inquiry or explanation.'" We conclude that the district court satisfied the requirements of Fed. R. Crim. P. 32.

Wheeler also argues that there was insufficient evidence to support his conviction under 18 U.S.C.A. § 924(c)(1) (West Supp. 1998). Count eleven charged him with using or carrying a firearm in relation to a drug trafficking offense. There was testimony that he often carried a firearm on his person when he received drugs in the summer of 1995. See J.A. at 259-61. We find that this evidence easily meets the sufficiency standard on this count.

Finally, Defendants contend that the district court erred in denying their motions for mistrial after a prospective juror made a comment during voir dire. The United States Attorney was asking the jurors whether they objected to plea bargaining. This was important for the Government because some of the Government's witnesses had made plea agreements and were cooperating with the Government in hopes of reducing their sentences. The juror responded by saying that he thought if one was "dealing with a drug such as this where you're kind of peddling death and destruction, it doesn't seem like plea bargaining would be a pleasant thing." J.A. 47-48. Upon defense counsel asking that the court instruct the jury to disregard the juror's response, the court said, "you take your evidence from the witness stand . . . and base your verdicts on that, not on anything you may have seen, read or heard . . . inside the courtroom as to . . . personal opinion." J.A. at 49. We find no abuse of discretion in the court denying the Defendants' motion for mistrial on this basis. See United States v. Dorsey, 45 F.3d 809, 817 (4th Cir. 1995) (setting standard of review).

Finding no merit to any of Appellants' claims on appeal, we affirm the judgment of the district court. Appellant Huskey has also moved

5

to file a pro se supplemental brief. We grant the motion but conclude that the jurisdictional claim advanced in that brief is frivolous. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6