UNITED STATES of America, Plaintiff–Appellee,

v.

Miquel L. JACKSON, Defendant–Appellant.

No. 96–2604.

United States Court of Appeals, Seventh Circuit.

Argued April 21, 1997.

Decided Aug. 14, 1997.

Randy G. Massey (argued), Office of the U.S. Attorney, Criminal Division, Fairview Heights, IL, for Plaintiff–Appellee.

Steven O. Ross (argued), Chicago, IL, for Defendant–Appellant.

Before BAUER, CUDAHY, and DIANE P. WOOD, Circuit Judges.

BAUER, Circuit Judge.

Miquel Jackson was charged in a three-count indictment on August 23, 1995. Count One charged Jackson with possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1); Count Two charged him with using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c); Count Three charged him with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). Jackson had previously given a written statement admitting that he sold approximately three to five ounces of crack cocaine per week, and that crack, currency, and firearms found during a search of his home belonged to him.

On November 13, 1995, the government filed and served on Jackson's attorney an "Information Charging Prior Offenses" pursuant to 21 U.S.C. § 851. The Information informed the district court that Jackson had at least one prior felony drug conviction—Jackson was convicted on April 7, 1989 in St. Clair County for unlawfully possessing a controlled substance, a felony under Illinois law—which became final before Jackson committed the Count One drug offense. In light of this prior conviction, the Information indicated that Jackson would be subject to the enhanced penalty provisions of 21 U.S.C. § 841(b) if he were convicted on Count One.

Jackson initially entered a plea of not guilty and intended to proceed to trial, primarily to challenge the Count Two gun offense. However, on February 5, 1996, the government filed a motion to dismiss Count Two in light of the Supreme Court's decision in *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). On February 16, 1996, Jackson withdrew his initial plea of not guilty and instead entered a plea of guilty to Count One and Count Three. The plea agreement indicated that Jackson's sentence would be based upon the amount of crack the district court attributed to him as relevant conduct and would be affected by whether he had prior felony drug convictions. The plea agreement also acknowledged that Jackson accepted responsibility for his criminal conduct and the government would therefore recommend a three-level reduction of his base offense level pursuant to U.S.S.G. § 3E1.1(b).

Hearings on Jackson's sentencing took place on June 5 and June 25, 1996. The district court found Jackson's base offense level for Count One to be 35 with a Criminal History Category of I, which produced a sentencing range of 168 to 210 months. On June 25, 1996, the district court sentenced Jackson to concurrent sentences of 180 months on Count One and 120 months on Count Three, with concurrent eight-year terms of supervised release on each count to follow. Jackson appeals from his sentence, arguing that the district court erred when it enhanced Jackson's sentence pursuant to 21 U.S.C. § 841(b), that the district court wrongly calculated the amount of drugs attributable to Jackson's relevant conduct, and that the district court should have reduced his base offense level by two points because of his cooperation with the authorities.

Title 21 U.S.C. § 841(b) provides for enhanced penalties for drug-trafficking crimes if the defendant has prior felony drug convictions. However, the government can seek this enhancement only if it complies with the provision of 21 U.S.C. § 851, which provides:

No person who stands convicted of an offense under this part [21 U.S.C. § 841 et seq.] shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1). This section was enacted long before the Sentencing Guidelines, and applies when the government seeks to enhance the penalty for a Title 21 offense under the recidivist provisions of the underlying offense. The section does not apply to the use of prior convictions for enhancing a sentence (which itself is within the statutory range) pursuant to the Guidelines. *United States v. Belanger,* 970 F.2d 416, 417 n. 1 (7th Cir.1992) (citing *United States v. Marshall,* 910 F.2d 1241, 1244–45 (5th Cir.1990), cert. denied, 498 U.S. 1092, 111 S.Ct. 976, 112 L.Ed.2d 1061 (1991)); see also *United States v. Koller,* 956 F.2d 1408, 1417 (7th Cir.1992).

It is true, of course, that due process requires Jackson to receive reasonable notice and an opportunity to be heard regarding the possibility of an enhanced sentence for recidivism. *Oyler v. Boles,* 368 U.S. 448, 452, 82 S.Ct. 501, 503, 7 L.Ed.2d 446 (1962) (cited in *Belanger,* 970 F.2d at 418). That is exactly why 21 U.S.C. § 851 was enacted—to insure that defendants are given reasonable notice and an opportunity to be heard, which includes the opportunity to contest the evidence or challenge a prior conviction if the defendant might be subject to a greater sentence than would otherwise be imposed. *Belanger,* 970 F.2d at 418 (citations omitted).

Strict compliance with the statute's procedural requirements is necessary, particularly as to the timing of the filing of the Information (it must be filed prior to trial or prior to the entry of a plea) and the service of notice on the defendant. Id. (citations omitted). The district court lacks jurisdiction to enter an enhanced sentence if the government fails to comply with 21 U.S.C. § 851's requirements for filing an Information. If the government complies with the requirements imposed upon it under § 851(a), § 851(b) states that, after conviction but before sentencing, the district court shall

inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

In this case, both the government and the district court properly complied with these requirements. On November 13, 1995, approximately three months prior to the entry of the guilty plea, the government filed and served Jackson's attorney with an "Information Charging Prior Offenses" pursuant to the provisions of 21 U.S.C. § 851. Jackson himself does not dispute that the government timely and correctly filed the Information. Jackson also does not dispute the factual bases of the Information. In fact, at the time of the plea agreement, Jackson and the government agreed to a stipulation of facts regarding the charged drug offense, which contained the following sentence: "On April 7, 1989, the Defendant was convicted in the Circuit Court of St. Clair County, Illinois, of the felony offense of Unlawful Possession of a Controlled Substance." This stipulation, as well as the plea agreement, was read and signed by Jackson and his attorney, and both were dated February 9, 1996.

Jackson's argument, rather, is that the government played fast and loose with its ability to enhance Jackson's sentence with the filing of the § 851 Information. He contends that the government misled him into believing that it would not seek an enhancement if he pleaded guilty, and that he and the government had an informal agreement to that effect. Jackson asserts that even

though the government filed the § 851 Information, he did not believe the government would continue to seek the enhancement after Jackson changed his plea to guilty and changed his intent to proceed to trial. He argues that the government never informed him during the review or execution of the plea, or during the court approval of the plea, that it still intended to seek an enhanced punishment even though Jackson was now entering a guilty plea.

The record, however, does not bolster Jackson's argument. Jackson has not cited to, nor can we find, anything in the record reflecting that this alleged agreement between Jackson and the government took place. The record reveals quite the opposite—that Jackson should have been aware of the government's continued ability and intent to use the prior conviction for enhancement purposes. As noted above, Jackson was timely served with the government's Information, which gave him notice of the government's intent to use the St. Clair conviction to enhance his sentence. Moreover, Jackson signed the stipulation of facts that included information about that conviction. The plea agreement itself makes three separate references to possible enhancements of penalties "[i]n the event the Defendant has a prior conviction for a felony drug offense." The plea agreement also specifically states that "there has been no agreement as to what the Defendant's sentence will be." Although it is true that the plea agreement never specifically cites 21 U.S.C. § 851 or references the November 13, 1995 Information, the plea agreement does clearly indicate that contingencies in sentencing were possible if Jackson had prior felony drug convictions. The plea agreement does not reflect any agreement by the government to withdraw the November 13, 1995 Information on account of Jackson's decision to plead guilty. Therefore, because Jackson and his attorney took part in reviewing, drafting, and negotiating the plea agreement, Jackson should have requested inclusion of any agreement with the government that the enhancement would not be sought due to Jackson's change of plea.

Not only does the plea agreement refute Jackson's argument, the district court also made explicit comments when Jackson entered his guilty plea which reflected the fact that the enhancement would apply. After first apprising Jackson of the possible penalties he faced without the application of the enhancement, the district court realized that the file contained an Information pursuant to § 851. The district court then stated:

> The second thing I must do is that until I read to you Count 3 and checked the file, I was not aware that the Government had filed a notice of your prior drug offense. That having been filed makes a difference in the maximum penalties on the drug count and I want to tell you about those so that you are clear on that as well.[1]

After this comment, the district court proceeded to re-explain to Jackson the possible penalties he faced under Count One and Count Three with this "notice of prior conviction" taken into account. Pursuant to Rule 11, the district court then confirmed that Jackson understood all the consequences of his plea. Jackson responded affirmatively to all the questions posed by the court. Following the colloquy, neither Jackson nor his counsel made any objection to the use of the prior conviction or informed the district court of the existence of any additional agreement with the government. Jackson proceeded to enter pleas of guilty on Count One and Count Three. Not at that time, nor at either of the sentencing hearings in June of 1996, did Jackson or any of his attorneys deny the prior conviction or introduce any evidence as to its invalidity.

■ At the June 5, 1996 sentencing hearing, one of Jackson's attorneys testified that he understood that the government would not seek the enhancement if Jackson pleaded guilty and did not proceed to trial. On redirect, the attorney explained that he was taken aback by the turn of events because, apparently, the agreement with the government was "not as clear as what [he] thought [the] understanding and agreement was." While it is unfortunate that Jackson's attorneys and the government did not have an agreement as clear as Jackson's attorneys

---

1. As Judge Wood reminded the parties at oral argument, this relevant portion of the transcript was part of the record, but should have been appended to the parties' briefs as required by our Circuit Rule 30.

would have liked, that is certainly not a misfortune of constitutional dimension nor does it require the district court to revisit Jackson's sentence.[2]

■ Finally, Jackson makes two other futile arguments regarding the application of the Guidelines to his sentence. Specifically, he argues that the district court erred in attributing to him 864.675 grams of crack for purposes of determining his relevant conduct, and that the district court erred in not reducing his base offense level from 26 to 24 based on his cooperation with authorities. When the district court bases its application of the Guidelines on factual findings, we review for clear error. *United States v. Katalinich,* 113 F.3d 1475, 1480 (7th Cir.1997) (citation omitted).

■ Jackson is simply incorrect that the base offense level for Count One should be based on the amount of cocaine found in his possession at the time of his arrest, and not on the aggregate amount of cocaine which he obtained during the entire period of drug dealing charged in the indictment. See U.S.S.G. § 1B1.3(a)(2) (directing district court to aggregate amount of drugs from all acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction"). Jackson contends that using the aggregate amount is speculative and that "basing a prison term on mere speculation is Kafkaesque." Jackson is hardly in the position of Josef K. See Franz Kafka, The Trial. It is clear what offense Jackson was charged with and Jackson was given an opportunity to defend himself against the charges. The district court heard evidence and made a conservative estimate of the quantity of drugs attributable to Jackson, using, among other things, Jackson's own statement to come up with a figure. The district court did not commit error in any sense.

■ Finally, Jackson argues that his base offense level should have been reduced by two levels because of his cooperation with

authorities. The argument is, in essence, a request for a downward departure. We lack jurisdiction to review a district court's discretionary refusal to depart downward unless the sentence was imposed in violation of the law or as a result of an incorrect application of the Guidelines. *United States v. Winters,* 117 F.3d 346, 348 (7th Cir.1997). Jackson has not cited any authority for his contention that he should have received a two-level drop because of his cooperation, and nothing in the record supports this position. More important, Jackson has not even suggested that the district court violated the law or incorrectly applied the Guidelines regarding cooperation, probably because there is no evidence in the record indicating any violation or incorrect application. Rather, the district court knew it had the authority to depart, as evidenced by its comments at sentencing, but chose not to. We therefore lack jurisdiction to review this claim.

For the foregoing reasons, we AFFIRM the judgment and sentence of the district court.

---

2. As the government points out in its brief, Jackson's sentence was formulated pursuant to the Guidelines, not pursuant to the statutory minimum. Without the § 841(b) enhancement, Jackson's sentence on Count One had a possible range of five to forty years (60 to 480 months). With the enhancement, the range was ten years

(120 months) to life imprisonment. Because Jackson was sentenced to 180 months on Count One, his sentence was within the permissible range with or without the application of the § 841(b) enhancement. Therefore, even if we were to hold that some error occurred, which we do not, such error would be harmless.