In the
United States Court of Appeals
For the Seventh Circuit

No. 98-3003

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHARLIE LAWUARY,

Defendant-Appellant.


Appeal from the United States District Court
for the Central District of Illinois.
No. 97-CR-30058--Richard Mills, Judge.


Argued September 15, 1999--Decided May 1, 2000



 Before CUDAHY, COFFEY, and EASTERBROOK, Circuit
Judges.

 COFFEY, Circuit Judge.  On November 5, 1997, a
federal grand jury sitting in the Central
District of Illinois returned a two-count
indictment charging Charlie Lawuary with
possession with intent to distribute crack
cocaine, in violation of 21 U.S.C. sec.sec.
841(a)(1) and 841(b)(1)(B). On February 2, 1998,
Lawuary moved to quash his arrest and suppress
the evidence of his drug possession. The district
court denied Lawuary's motion, finding that the
arresting officer had probable cause to believe
Lawuary possessed a controlled substance.
Lawuary, thereafter, entered a conditional plea
of guilty to count number two of the two-count
indictment (the government agreed to dismiss
count one), reserving the right to appeal the
district court's denial of his motion to suppress
and to contest any finding that his prior
criminal record subjected him to a mandatory life
sentence./1

 On appeal, Lawuary argues that, in spite of the
fact that he had actual notice that a life
sentence was mandatory, the trial judge did not
have jurisdiction to impose a life sentence
because the government failed to satisfy 21
U.S.C. sec. 851(a)(1) by failing to file a
written information stating the two prior
convictions it was relying upon to impose a life
sentence. Lawuary also argues that the district

court erred in denying his motion to suppress because the police did not have probable cause to arrest. We affirm.

I. BACKGROUND

At about 4:30 p.m., on August 24, 1997, Officer Chris Russell of the Springfield, Illinois, Police Department ("SPD") observed a gray Pontiac Bonneville traveling with its license plate dangling by one screw in violation of 625 Ill. Comp. Stat. 5/3-413(b). After observing the violation, Officer Russell initiated a traffic stop, and the Pontiac pulled into the driveway of a residence which the officer knew was Lawuary's home.

After all three occupants exited the vehicle, Officer Russell, in order to maintain control of the situation and ensure his safety, immediately ordered everyone back into the car. Lawuary did not get back in the car as instructed; rather, he reached into the crotch of his bib overalls where weapons are frequently carried. Recognizing the danger Lawuary's actions represented and knowing that Lawuary had been recently arrested for possessing a large quantity of crack cocaine,/2 Officer Russell ordered Lawuary to "raise his hands." Lawuary again refused to comply with the officer's instructions; instead, he turned and ran toward the front door of his residence. Officer Russell and Officer Jason Lewis, who had just arrived on the scene to assist Officer Russell, observed Lawuary throw a plastic baggie as he ran. Officer Russell apprehended and restrained Lawuary while Officer Lewis retrieved the discarded baggie./3

Before entering his plea of guilty, Lawuary moved to quash the arrest and suppress the drug evidence on the grounds that the arresting officer did not have probable cause to arrest him. The trial court denied Lawuary's motion and determined that the SPD's search of the plastic baggie was justified because once Officer Russell observed a violation of the Illinois traffic code and Lawuary disregarded Officer Russell's order to raise his hands, and reached into the crotch area of his bib overalls, and fled from the scene, Officer Russell had probable cause to arrest Lawuary. Furthermore, the judge ruled that the search of the plastic baggie was justified as a search incident to the legal arrest.

After Lawuary's entry of his conditional plea of guilty on March 9, 1998, a presentence investigation report ("PSR") was filed which concluded that Lawuary's two Illinois state felony drug convictions subjected him to a mandatory life sentence. After reviewing the PSR,

Lawuary objected to it, arguing that although he was convicted of two separate offenses in Illinois state court, they arose out of the same course of conduct and were combined for sentencing purposes./4 Thus, according to Lawuary, the two prior convictions should be treated as one conviction for purposes of 21 U.S.C. sec. 841(b), and he should not be subjected to a mandatory life sentence. The court rejected Lawuary's position and, relying on Lawuary's two prior state felony drug convictions, sentenced him to life imprisonment and also ordered him to pay a $100 special assessment.

II.  ISSUES

 On appeal, Lawuary argues: (1) that the district court erred in denying his motion to suppress because the officer did not have probable cause to arrest him; and (2) that the district court did not, because the government did not file the requisite written information under 21 U.S.C. sec. 851, have jurisdiction to impose a life sentence.

III.  ANALYSIS

A.  Probable Cause for Arrest

 Initially, Lawuary argues that the district court erred in denying his motion to suppress because the police officer lacked probable cause to arrest him. Because Lawuary's challenge involves a mixed question of law and fact, we review the district court's decision de novo. See Ornelas v. United States, 517 U.S. 690, 696-97 (1996).

 "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." See Whren v. United States, 517 U.S. 806, 810 (1996). In this case, the traffic stop was reasonable because the officer observed the Pontiac's rear license plate dangling and only attached by one screw, an obvious infraction of Illinois state law. See 625 Ill. Comp. Stat. 5/3-413(b). After Officer Russell made the traffic stop, however, the occupants, including Lawuary, immediately exited the vehicle.

 We are cognizant of the fact that traffic stops are inherently dangerous. See Maryland v. Wilson, 519 U.S. 408, 414 (1997). In an effort to control this known danger, Officer Russell ordered the occupants back into the vehicle. Lawuary, however, made this stop even more dangerous by refusing to comply with the officer's directions

and reaching into the crotch area of his overalls where many criminals are known to carry concealed weapons. Cf. Minnesota v. Dickerson, 508 U.S. 366, 382 (1993) (Scalia, J., concurring) (citing J. Moynahan, Police Searching Procedures (1963)). Recognizing the danger Lawuary's actions represented, Officer Russell ordered Lawuary to raise his hands, but Lawuary once again failed to comply. Lawuary further aroused Officer Russell's suspicions when he suddenly ran from the scene, tossing away a plastic baggie in the process. The combination of Lawuary's threatening gestures, his failure to comply with the law enforcement officer's orders, his flight, and his throwing the baggie away, created probable cause for Officer Russell to arrest Lawuary. See Tom v. Voida, 963 F.2d 952, 957-58 (7th Cir. 1992). Cf. Illinois v. Wardlow, 120 S. Ct. 673 (2000); Kelly v. Bender, 23 F.3d 1328, 1330 (8th Cir. 1994), abrogated on other grounds, 515 U.S. 304 (1995). Therefore, the officer's subsequent retrieval and inspection of the plastic baggie was justified as a search incident to a lawful arrest. See United States v. Robinson, 414 U.S. 218, 224 (1973)./5

B. The District Court's Jurisdiction to Impose an Enhanced Sentence

 Lawuary argues that the district court did not have the jurisdiction to impose a life sentence pursuant to 21 U.S.C. sec. 841(b)(1)(A) because, even though he had actual notice that a mandatory life sentence would be imposed, the government failed to comply with the requirements of section 851(a)(1)./6 We review the sufficiency of a section 851 information de novo. See Jackson, 189 F.3d at 661.

 Under 21 U.S.C. sec. 851:

No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. sec. 851(a)(1) (emphasis added)./7 Section 851's requirements are clear: before Lawuary can be sentenced to life imprisonment by reason of his two prior felony convictions, the government must provide written notice identifying the two prior convictions it is relying upon. See 21 U.S.C. sec. 851(a)(1). The statute itself, however, does not specify the form the filing must take, and we have, in past decisions, been flexible with regard to what the

government must do in order to comply with section 851. See United States v. Tringali, 71 F.3d 1375, 1382 (7th Cir. 1995).

 With the idea that section 851's purpose is to provide the defendant with adequate notice, this court has stated that the section 851 notice can be provided through various methods as long as the defendant receives sufficient written notice containing the necessary information before he enters into a guilty plea or goes to trial. See e.g., Tringali, 71 F.3d at 1382; United States v. Belanger, 970 F.2d 416, 418-19 (7th Cir. 1992); United States v. Jackson, 121 F.3d 316, 320 (7th Cir. 1997). In Tringali, 71 F.3d at 1382, we held that the section 851 notice was sufficient when read in conjunction with the government's separately filed Rule 404(b) notice./8 Similarly, in Belanger, the government filed a section 851 notice reciting that the government sought an enhancement, but the notice did not identify the convictions to be relied upon. Those convictions, however, were detailed in a separate filing, the government's "Notice and Intent to Offer Evidence," filed to establish the defendant's intent to distribute marijuana and for impeachment purposes. We held that although the section 851 notice was initially defective, the second filing contained "all the required information." Belanger, 970 F.2d at 419; see also Jackson, 121 F.3d at 320 (noting that "the plea agreement . . . clearly indicate[s] that contingencies in sentencing were possible if [the defendant] had prior felony drug convictions.").

 In this case, Lawuary entered a conditional plea of guilty so section 851 requires that the government provide written notice to Lawuary that he faced a life sentence before he pled guilty. We are of the opinion that all the requisite section 851 information was printed on the first page of the written plea agreement:
Because the defendant has two prior felony drug convictions in Sangamon County, Illinois case numbers 93-CF-789 and 95-CF-413 at the time of the offense, the potential penalties are:

--mandatory life in prison
--up to an eight million dollar fine
--a mandatory period of supervised release of 10 years, and
--a $100 special assessment

Furthermore, Lawuary's plea agreement recited that he "may seek to have one or more convictions vacated, and so does not by this agreement, admit that they are valid. He does, however, acknowledge that by his guilty plea, the Court will be required to impose a sentence of life imprisonment." This language clearly provided

Lawuary with notice, in writing, that he faced a life sentence based on his specifically identified prior state felony drug convictions. In fact, Lawuary signed the plea agreement which contained this language and acknowledged, by his signature, that he "read this entire plea agreement carefully and have discussed it fully with my attorney. I fully understand this agreement, and agree to it voluntarily and of my own free will . . . , even if it means that I will receive a sentence of life imprisonment."

We note that the government also supplemented its written notice by orally advising the defendant at the time of his plea hearing, that:

[T]he information concerning the two prior felony convictions that the Defendant has referred to is contained within the written plea agreement in accordance with 21 U.S.C. Section 851. And I think it would be appropriate to make sure that the Defendant acknowledges, knows, understands; because we're talking about a mandatory life sentence here; that the Government is alleging that he has two prior felony drug convictions. Namely, those in Sangamon County, Illinois, case numbers 93-CF-798 and 95-CF-413, as indicated in Paragraph 1 of the written plea agreement.

Furthermore, at Lawuary's plea hearing, the district judge engaged in an extensive colloquy with him, ensuring that Lawuary was well aware that his two prior Illinois state drug convictions would result in a mandatory life sentence.

Because Lawuary was given the requisite notice under section 851 before he entered his plea of guilty, we hold that the government satisfied the notice requirement of 21 U.S.C. sec. 851(a)(1). Lawuary's conviction and sentence are

AFFIRMED.

/1 See 21 U.S.C. sec. 841(b)(1)(A) ("If any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release . . . .").

/2 The SPD arrested Lawuary on May 11, 1997, for possession of 21.3 grams of crack cocaine. This charge constituted count one of the November 5, 1997 indictment. Because the district court dismissed this count, it is not part of this appeal.

/3 The Illinois State Police Forensic Laboratory analyzed the plastic baggie and determined that

it contained 64.3 grams of crack cocaine, 13 grams of powder cocaine, and an undetermined amount of marijuana.

/4 In 1994, Lawuary pled guilty to one felony drug offense in Sangamon County, Illinois, and was placed on 18 months' probation. In 1995, Lawuary, while on probation, pled guilty to another felony drug offense in Illinois. He was then sentenced to concurrent two-year terms for his 1994 and 1995 drug convictions.

/5 We also note that the search of the baggie may have been justified as a search of abandoned property. See Bond v. United States, 77 F.3d 1009, 1013 (7th Cir. 1996). Because we have concluded that the search was proper, we need not address the abandonment theory.

/6 We have held that the requirements of section 851 are jurisdictional in nature. See United States v. Jackson, 189 F.3d 655, 661 (7th Cir. 1999). Consequently, the fact that Lawuary did not raise this argument at sentencing does not constitute waiver. See Kelly v. United States, 29 F.3d 1107, 1114 (7th Cir. 1994); see also United States v. Kennedy, 133 F.3d 53, 59 (D.C. Cir. 1998); Harris v. United States, 149 F.3d 1304, 1306-09 (11th Cir. 1998); United States v. Gonzalez-Lerma, 14 F.3d 1479, 1488 (10th Cir. 1994); but see Prou v. United States, 199 F.3d 37, 42-47 (1st Cir. 1999). Although we do not agree with the concurrence's approach to section 851, even if we did, we do not believe this is the time to revisit established Circuit precedent. This is especially true in light of the fact that the issue does not affect the outcome of Lawuary's appeal and the government conceded that section 851 is "jurisdictional" and we are, therefore, without the benefit of oral advocacy on this issue.

/7 The legislature has provided safeguards for the defendant facing sentence enhancement. These safeguards ensure that the defendant understands that he faces severe penalties in order that he can make a "better informed decision[ ] whether to proceed to trial." Kelly, 29 F.3d at 1109.

/8 Rule 404(b) of the Federal Rules of Evidence provides that:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice

in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Easterbrook, Circuit Judge, concurring in part and concurring in the judgment. I join all of the majority's opinion except for Part III.B. My concern is footnote 6, which states that "the requirements of section 851 are jurisdictional in nature. See United States v. Jackson, 189 F.3d 655, 661 (7th Cir. 1999). Consequently, the fact that Lawuary did not raise this argument at sentencing does not constitute waiver." I do not think that 21 U.S.C. sec.851(a)(1) affects the jurisdiction of the district courts, so we should review Lawuary's contention only to determine whether the district court committed plain error--which it did not.

Section 851 specifies procedures for recidivist sentencing under the drug-control laws. Subsection 851(a) reads:

(1)  No person who stands convicted of an offense under this part [21 U.S.C. sec.sec. 841-63] shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

(2)  An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.

None of this language purports to affect the

jurisdiction of the district courts. The statute does no more than establish a condition precedent. Subject-matter jurisdiction comes from 18 U.S.C. sec.3231. Because a violation of sec.851(a) does not deprive a court of jurisdiction, the normal rules of waiver and forfeiture are applicable. Lawuary did not waive his entitlements under sec.851(a), but neither did he assert them, so his position is forfeited, and only if the district court committed plain error may we reverse. Johnson v. United States, 520 U.S. 461 (1997); United States v. Olano, 507 U.S. 725 (1993); Fed. R. Crim. P. 52(b). But if sec.851(a) really is jurisdictional, then neither waiver nor forfeiture matters. Indeed, the court of appeals must examine the subject of its own volition in every case, even if none of the parties complains. What sense does that make? Why should the omission or misstatement of an element of the offense be subject to plain-error analysis, as Johnson holds, but an error with respect to sentencing be treated as jurisdictional?

It is easy to find opinions saying that sec.851(a) is a jurisdictional rule. Our circuit has at least three. United States v. Jackson, 189 F.3d 655, 661 (7th Cir. 1999); Kelly v. United States, 29 F.3d 1107, 1112-13 (7th Cir. 1994); United States v. Belanger, 970 F.2d 416, 418 (7th Cir. 1992). It is considerably harder to find an explanation for this assertion. Jackson just cites Belanger, which cites United States v. Wright, 932 F.2d 868, 882 (10th Cir. 1991), which cites a chain of cases back to United States v. Cevallos, 538 F.2d 1122, 1126-27 (5th Cir. 1976), which does not support the proposition for which Wright used it. Cevallos, which concerned sec.851(b), said in dictum, 538 F.2d at 1126, that the fifth circuit requires "strict compliance" with sec.851(a). Another court said much the same thing in United States v. Kennedy, 133 F.3d 53, 59 (D.C. Cir. 1998). A demand for "strict compliance" is unrelated to jurisdiction. So our circuit's cases rest in the end on a misreading of Cevallos and no reading at all of the statutory text. None of the opinions offers a reason independent of precedent for a jurisdictional characterization. Nor can I think of a reason.

"Jurisdictional" problems fall into two broad categories, plus many shadings. See Szabo Food Service, Inc. v. Canteen Corp., 823 F.2d 1073, 1077-79 (7th Cir. 1987). One concerns the constitutional or statutory limits of adjudicatory authority. All of the questions here arise under federal law, however, so Article III does not impose a limit, and Congress has authorized federal courts to adjudicate. 18

U.S.C. sec.3231. The other category includes rules that cannot be waived by the parties, and which are loosely called "jurisdictional" because they have this feature in common with the genuine jurisdictional limits. Yet permitting defendants to make choices is the norm in federal criminal procedure, even when the right in question is expressed in absolute terms. See, e.g., New York v. Hill, 120 S. Ct. 659 (2000) (Interstate Agreement on Detainers, which provides that a defendant transferred to another state "shall be brought to trial within one hundred eighty days," does not preclude waiver or forfeiture); United States v. Mezzanatto, 513 U.S. 196 (1995) (Fed. R. Evid. 410 and Fed. R. Crim. P. 11(e)(6), which provide that statements during plea bargaining are inadmissible, does not preclude waiver or forfeiture). That sec.851 is unqualified does not distinguish it from many other entitlements that defendants possess and may surrender--often in exchange for valuable concessions as part of plea bargains. A defendant who may waive indictment, despite the fifth amendment's unqualified language ("No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury") may waive the filing of an information listing prior convictions. Section 851(a) therefore cannot properly be placed in this second class of "jurisdictional" rules.

Only two courts of appeals have addressed this subject with independent reasoning, as opposed to citations. Prou v. United States, 199 F.3d 37, 42-46 (1st Cir. 1999), holds that sec.851(a) is not jurisdictional, and United States v. Baucum, 80 F.3d 539, 543-44 (D.C. Cir. 1996), resolves a similar issue under 21 U.S.C. sec.860(a) against a jurisdictional classification. Judge Selya's opinion in Prou is well thought out, but one passage may mislead. Prou says that "[w]ithout exception, [in] the cases . . . that have called the procedural requirements of section 851(a)(1) 'jurisdictional', . . . nothing turned on the choice of phrase." 199 F.3d at 44. Confined to direct appeals, as Prou may have intended, this is true, but there is at least one exception when we consider collateral attacks too: this circuit's opinion in Kelly. The district court rejected Kelly's argument under sec.851(a) because it had not been raised in a timely fashion; we reversed, holding that because sec.851(a) is jurisdictional, the defendant did not have to raise the point at all, let alone on time. 29 F.3d at 1112-14. Thus we have a conflict among the circuits: this circuit is on one side (and may be joined by Harris v. United States, 149 F.3d 1304, 1306-09 (11th Cir. 1998)); Prou and Baucum are on the other; and remaining circuits have dicta but not holdings.

Instead of asking us to reexamine the subject, as in Prou, 199 F.3d at 42, here the United States has embraced the jurisdictional characterization. Its brief proclaims that "[n]on-compliance is a jurisdictional defect." Obviously the United States Attorney for the Central District of Illinois and the United States Attorney for the District of Rhode Island are not in close communication. I could appreciate reluctance to revisit a subject that does not affect the outcome for Lawuary, when the parties have not made adversarial presentations, but instead my colleagues say that "we do not agree with the concurrence's approach to section 851" (slip op. 6 n.6)--though they do not give reasons beyond citing cases that themselves contain none, plus another case (Kennedy) that, while citing Kelly, does not endorse Kelly's assertion about the jurisdictional status of sec.851 (or mention jurisdiction at all).

Two years ago, United States v. Martin, 147 F.3d 529, 531-33 (7th Cir. 1998), tackled an argument that failure to establish the interstate-commerce element of an offense is a jurisdictional flaw. Recognizing that some earlier panels had used the word "jurisdiction" in a loose way to denote "unauthorized," we held in Martin that the only genuine jurisdictional element in a federal criminal prosecution is subject-matter jurisdiction under sec.3231. Once that has been established, Martin concluded, other issues are subject to normal rules of waiver and forfeiture. Accord, United States v. Krilich, No. 99-2271 (7th Cir. Apr. 12, 2000), slip op. 6-9; Hugi v. United States, 164 F.3d 378, 381 (7th Cir. 1999). These cases are equally instructive concerning sec.851(a).

Section 851(a)(1) affects the maximum length of sentences. Oodles of similar limits exist (including minimum and maximum sentences and the application of the Sentencing Guidelines); these are unrelated to subject-matter jurisdiction. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 88-93 (1998), makes that point clearly. The statute in Steel Co. specifies limits on the extent of a remedy, and Congress even used the word "jurisdiction" to describe those limits. 42 U.S.C. sec.11046(c). But the Court concluded that rules of law curtailing judges' remedial powers do not affect "jurisdiction" in the strong sense--that is, do not require judges to disregard rules of waiver and forfeiture, do not require judges to address the issue even if the parties are content with the district judge's disposition. That is equally true of sec.851(a)(1).

Jones v. United States, 119 S. Ct. 2090, 2102–03 (1999), puts the subject to rest. Jones contended that he had been sentenced to death without observance of some statutes that create extra safeguards for capital cases, and he argued that his failure to make timely objection was excused by 18 U.S.C. sec.3595(c)(2)(A), which can be read to give the court of appeals an independent role in preventing arbitrary sentences. But the Supreme Court replied that because "[t]he statute does not explicitly announce an exception to plain-error review" the normal rules of waiver and forfeiture apply. 119 S. Ct. at 2102. The Court went on to hold that Jones had not established plain error. If this is the right approach for a sentence of death, it is certainly the right approach for a sentence of life imprisonment, which Lawuary has received. Section 851(a) "does not explicitly announce an exception to plain-error review". Given Jones, Steel Co., Martin, and Prou, we ought to hold that the rules of waiver and forfeiture apply to sec.851(a)(1).