# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1427

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| James L. Mooring, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 15, 2002

Filed: April 23, 2002

_____

Before HANSEN, Chief Judge, McMILLIAN and FAGG, Circuit Judges.

_____

FAGG, Circuit Judge.

After police found 257 marijuana plants in a search of James L. Mooring's barn, the Government charged Mooring with drug and gun offenses. The Government filed a written case summary specifying Mooring's sentencing range on each drug count was ten years to life. At a hearing on Mooring's motion to suppress evidence seized in the search, Mooring testified and admitted he had been convicted of a felony in 1990 for growing marijuana plants on his property. At the hearing's

conclusion, the district court* denied Mooring's motion to suppress, and Mooring unexpectedly decided to plead guilty to manufacturing marijuana and to possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a). To accommodate the parties, the court immediately proceeded with a change of plea hearing.

Because Mooring had the earlier felony drug conviction, he was eligible for an enhanced statutory minimum sentence under 21 U.S.C. § 841(b). A court may not impose an enhanced sentence under § 841(b), however, unless the Government files an information with the court specifying in writing the earlier convictions relied on before trial or entry of a guilty plea. 21 U.S.C. § 851. Although the Government had not filed an information, the parties stipulated that Mooring had been given proper notice under § 851 and that the enhancement increased Mooring's mandatory minimum sentence from five years to ten years. The district court also informed Mooring he could be sentenced to a term of imprisonment not less than ten years, and Mooring responded that he was aware of the ten-year minimum sentence. In summarizing its evidence, the Government stated Mooring previously had been convicted in Arkansas for manufacturing marijuana, which was a felony. Mooring responded that he agreed with the Government's summary. Mooring conditionally pleaded guilty, and the district court sentenced him to concurrent terms of ten years in prison on each count.

Mooring appealed his conviction, challenging the denial of his motion to suppress. We affirmed and the Supreme Court denied certiorari. United States v. Mooring, 137 F.3d 595 (8th Cir.), cert. denied, 525 U.S. 902 (1998). Mooring then filed this 28 U.S.C. § 2255 motion arguing the district court lacked jurisdiction to impose the enhanced sentence because the Government had not complied with 21

---

*The Honorable George Howard, Jr., United States District Judge for the Western District of Arkansas.

U.S.C. § 851. Mooring also argued his trial attorney was ineffective in failing to object to the Government's noncompliance and in failing to raise the issue on direct appeal. Further, Mooring argued the lack of compliance violated his right to due process. The district court denied relief. Mooring renews his arguments on appeal. We affirm.

According to 21 U.S.C. § 851(a)(1), "No person . . . shall be sentenced to increased punishment by reason of one or more prior convictions, unless before . . . entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." "Congress enacted § 851(a)(1) and the procedure for filing an information to protect defendants from receiving increased statutory sentences . . . resulting from prior, incorrectly charged offenses . . . and to give defendants the opportunity to show that they were not the persons convicted." United States v. Wallace, 895 F.2d 487, 489 (8th Cir. 1990). Mooring contends the § 851 filing requirement is jurisdictional, and because litigants cannot establish subject matter jurisdiction "by stipulation, consent or waiver," United States v. Mississippi Valley Barge Line Co., 285 F.2d 381, 387 (8th Cir. 1960), he could not "waive the Government's failure to comply with § 851." Although Mooring raises his § 851 argument for the first time in this § 2255 motion, the Government does not contend the argument is procedurally defaulted, so we need not determine whether cause and prejudice excuse the default before deciding the merits. See King v. Kemna, 266 F.3d 816, 821 (8th Cir. 2001); Prou v. United States, 199 F.3d 37, 47-49 (1st Cir. 1999). Further, if the error is jurisdictional, the error may be raised on collateral review without being subjected to procedural default analysis.

Some courts have described § 851(a)(1)'s procedural requirements as jurisdictional. E.g., United States v. Lawuary, 211 F.3d 372, 376 n.6 (7th Cir. 2000); Harris v. United States, 149 F.3d 1304, 1306 (11th Cir. 1998). Others have held such requirements are not jurisdictional. Prou, 199 F.3d at 42-46; United States v.

Baucum, 80 F.3d 539, 543-44 (D.C. Cir. 1996) (resolving similar jurisdictional issue under 21 U.S.C. § 860(a)); see also Lawuary, 211 F.3d at 377-80 (Easterbrook, J., concurring). We have specifically declined to decide whether a defendant can waive the statute's requirements, and thus whether compliance with § 851(a)(1) is jurisdictional. Neary v. United States, 998 F.2d 563, 565 (8th Cir. 1993). Having considered the case law on each side, we conclude the prosecution's noncompliance with § 851(a)(1) does not affect the court's jurisdiction. As the First Circuit explained:

> Whether or not the prosecution files a timely § 851(a)(1) information, a federal district court plainly possesses subject-matter jurisdiction over drug cases. See 18 U.S.C. § 3231 (conferring original jurisdiction "of all offenses against the laws of the United States"). This jurisdiction necessarily includes the imposition of criminal penalties. Once subject-matter jurisdiction has properly attached, courts may exceed their authority or otherwise err without loss of jurisdiction. . . . Thus, the only question that legitimately arises from the prosecution's [failure to comply with § 851(a)(1)] concerns the court's authority to impose an enhanced sentence. This is simply not a question of subject-matter jurisdiction.

Prou, 199 F.3d at 45; see Lawuary, 211 F.3d at 378 (§ 851(a)(1) merely sets condition precedent). A defendant thus may waive the requirements of § 851(a)(1), even though the statute is phrased in mandatory language. Prou, 199 F.3d at 46; Lawuary, 211 F.3d at 379. Section 851's unqualified language "does not distinguish it from many other entitlements that defendants possess and may surrender–often in exchange for valuable concessions as part of plea bargains." Lawuary, 211 F.3d at 379. For example, a defendant may waive indictment despite the Fifth Amendment's unqualified language that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." Id. "Because § 851(a)(1)'s temporal requirements exist for the defendant's benefit,

it makes perfect sense to give the defendant the power to waive (and the obligation not to forfeit) strict compliance with them." Prou, 199 F.3d at 47.

Having decided the rules of waiver and forfeiture apply to § 851(a)(1), we must decide whether Mooring effectively waived compliance. We conclude that he did. The record shows that as part of his plea agreement, Mooring stipulated he had received proper § 851 notice. Mooring does not assert that his stipulation was factually deficient, or that his resulting waiver of § 851's written notice requirement was not knowing and voluntary. Further, the record shows the substantive aims of the statute were satisfied. Mooring knew of the specific earlier conviction relied on to support the enhancement, admitted his conviction to the district court, and knew of the enhanced ten-year minimum sentence. He thus received the protections intended by the statute, and merely waived the written information requirement.

Because Mooring's § 851 argument fails, his other arguments–that his attorney was ineffective in failing to object that § 851 had not been satisfied, and that his due process right was violated by an illegal sentence–also fail.

We thus affirm Mooring's sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.