WILLIAMS, Circuit Judge,
concurring in the judgment.
In an earlier appeal in this case, we vacated the sentence imposed upon John Edward Jones, Jr., after his conviction under 21 U.S.C.A. § 846 (West 1999) for conspiracy to distribute narcotics and remanded for resentencing in light of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). See United States v. Jones, 17 Fed.Appx. 240 (4th Cir.2001) (per curiam) (unpublished). At resentencing, Jones raised, for the first time, the issue of whether he had timely been served with notice, as mandated by 21 U.S.C.A. § 851 (West 1999), that the Government intended to proceed against him as a repeat offender.[1] The district court concluded that the § 851 information was timely filed, and Jones appeals. Because I conclude that Jones waived his argument regarding the timeliness of the § 851 information by failing to raise it in his initial appeal, I would affirm.
I.
Jones was indicted for conspiracy to distribute heroin and marijuana, in violation of § 846. Drug quantity was not specified in the indictment. The jury was asked to return a general verdict on whether the defendants were guilty of conspiracy to distribute narcotics, without specifying the drug type (marijuana or heroin). The jury found all four defendants guilty, and the court imposed a 210-month sentence on Jones.
In his initial appeal in this case, Jones challenged both his conviction and sentence on several grounds, arguing that: (1) the district court erred in allowing the jury to return a general verdict not specifying drug type where the indictment charged him with a conspiracy involving both heroin and marijuana; (2) there was insufficient evidence to support the conviction; (3) the district court’s factual findings as to drug quantity violated Apprendi, and the district court erred in relying on a government informant’s testimony to calculate quantity; and (4) the district court erred in refusing to give an instruction on the lesser-included offense of simple possession of marijuana. Jones, 17 Fed.Appx. at 244 & n. 2.
We rejected each of Jones’s contentions except his argument concerning Apprendi. With respect to that argument, we concluded that Jones’s sentence violated the rule dictated by Apprendi—“that in order to authorize the imposition of a sentence exceeding the maximum allowable without a jury finding of a specific threshold drug quantity, the specific threshold quantity must be treated as an element of an aggravated drug trafficking offense.” Jones, 17 Fed.Appx. at 248 (quoting United States v. Promise, 255 F.3d 150, 156 (4th Cir.2001) (en banc)). Without a jury finding of a specific threshold quantity of marijuana, the statutory maximum sentence for conspiracy to distribute marijuana is ten years’ imprisonment if the defendant has a prior felony drug conviction. See § 841(b)(1)(D). In light of Jones’s prior *846 felony drug conviction, we reasoned, the maximum sentence he could receive was ten years, and we remanded for the district court to sentence him in compliance with that limit. Jones, 17 Fed.Appx. at 248.
At resentencing, Jones argued that the § 851 information filed by the Government was untimely because it was filed after voir dire had begun. Jones contended that, for purposes of § 851, trial begins when voir dire begins, and thus failure to file before that point constitutes failure to file “before trial,” as § 851 requires. Because the § 851 information was untimely filed, Jones argued, his sentence should be limited to five years, the applicable statutory maximum sentence where the defendant does not have a prior felony drug conviction and there is no jury finding of drug quantity. See § 841(b)(1)(D). The district court held that filing the information before the jury was sworn constituted filing “before trial,” and therefore that the Government had complied with § 851. The district court sentenced Jones to ten years’ imprisonment. Jones appeals, arguing only that the § 851 information was untimely filed.
II.
I first consider whether Jones has waived his argument concerning the timeliness of the § 851 information. As noted above, Jones did not raise any objection at trial to the § 851 information [2] and did not raise the timeliness issue in his initial appeal. Responding in this appeal to the Government’s contention that he has waived any argument concerning timeliness, Jones asserts that failure timely to file a § 851 information deprives the district court of jurisdiction to impose an enhanced sentence. An objection to the timeliness of such an information, he argues, may be raised at any time because jurisdictional defects cannot be forfeited or waived. See American Canoe Ass’n v. Murphy Farms, Inc., 326 F.3d 505, 515 (4th Cir.2003) (noting that “a party can challenge subject matter jurisdiction for the first time on appeal even though, in most contexts, issues not raised below are considered waived”).
We have not addressed in a published opinion the question of whether § 851’s requirements are “jurisdictional.” Other circuits are split on the issue. Several circuits have stated, without detailed analysis, the proposition that § 851’s requirements are jurisdictional in nature. See, e.g., United States v. Lawuary, 211 F.3d 372, 376 n. 6 (7th Cir.2000); Harris v. United States, 149 F.3d 1304, 1306 (11th Cir.1998); United States v. Hill, 142 F.3d 305, 312 (6th Cir.1998); United States v. Wright, 932 F.2d 868, 882 (10th Cir.1991); cf. Lawuary, 211 F.3d at 378 (Easter-brook, J., concurring) (noting that while “[i]t is easy to find opinions saying that § 851(a) is a jurisdictional rule ... [i]t is considerably harder to find an explanation for this assertion”; joining all parts of majority opinion except a footnote stating that § 851’s requirements are jurisdictional). On the other hand, at least three circuits have recently held explicitly that § 851’s procedural requirements are not jurisdictional and are thus subject to the ordinary rules of waiver and forfeiture. See United States v. Ceballos, 302 F.3d 679, 690-92 (7th Cir.2002) (panel opinion *847 overruling Lawuary’s footnote statement that § 851(a)’s requirements are jurisdictional and cannot be waived, because that statement was based on circuit precedent unsupported by reasoning), cert. denied, 537 U.S. 1136, 1137, 123 S.Ct. 924, 925, 154 L.Ed.2d 829, 830 (2003), and — U.S. -, 123 S.Ct. 1571, 155 L.Ed.2d 318 (2003); United States v. Mooring, 287 F.3d 725, 727 (8th Cir.2002) (concluding that § 851(a)’s requirements are not jurisdictional); Prou v. United States, 199 F.3d 37, 43-46 (1st Cir.1999) (same).
The Supreme Court has instructed that subject matter jurisdiction is “the courts’ statutory or constitutional power to adjudicate the case.” United States v. Cotton, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (quoting Steel Co. v. Citizens for Better Env’t, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)). Not all statutory delineations of the court’s power to act in a given case are jurisdictional provisions, however. In Steel Co., the Court held that a statute stating that “ ‘[t]he district court shall have jurisdiction in actions brought under subsection (a) of this section ... [to grant certain relief],’ ” did not affect the jurisdiction of the court; instead, the statute was properly read as “specifying the remedial powers of the court, viz., to enforce the violated requirement and to impose civil penalties.” Steel Co., 523 U.S. at 90. Nothing in its jurisprudence, the Court noted, suggested “the expansive principle that a statute saying ‘the district court shall have jurisdiction to remedy violations [in specified ways]’ renders the existence of a violation necessary for subject-matter jurisdiction.” Id. at 91-92.
Nor does the omission from an indictment of a fact that enhances the statutory maximum sentence affect the court’s jurisdiction to impose an enhanced sentence. In Cotton, the Supreme Court held that “defects in an indictment [in Cotton, the omission of drug quantity] do not deprive a court of its power to adjudicate a case.” Cotton, 535 U.S. at 630. Thus, the Court could conclude that there was no plain error warranting relief in sentences exceeding the 20-year statutory maximum for a detectable amount of cocaine or cocaine base even though quantity had not been charged in the indictment or submitted to the jury. Although the district court in Cotton erred in meting out the sentences in the absence of a charge in the indictment or a jury finding, its jurisdiction to impose the sentences was not affected by the omission of the quantity element from the indictment.
The relevant principle from Steel Co. and Cotton is that only those claims that concern the constitutional or statutory limits of the court’s authority to adjudicate in a given action implicate jurisdiction. The district courts have jurisdiction over drug prosecutions brought under the federal drug laws pursuant to 18 U.S.C.A. § 3231, which states that “[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.” 18 U.S.C.A. § 3231 (West 2000). “This jurisdiction necessarily includes the imposition of criminal penalties.” Prou, 199 F.3d at 45. As in Steel Co. and Cotton, a limitation on the remedy that a district court may grant or the sentence it may impose does not affect the court’s subject matter jurisdiction. The court in Prou explained:
Once subject-matter jurisdiction has properly attached, courts may exceed their authority or otherwise err without loss of jurisdiction. See United States v. Wey, 895 F.2d 429, 431 (7th Cir.1990) (“Courts may err, even offend the Constitution, without losing subject-matter jurisdiction.”); cf. Blackledge v. Perry, 417 U.S. 21, 30, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) (indicating that only *848 claims that go “to the very power of the State to bring the defendant into court to answer the charge brought against him” implicate subject-matter jurisdiction). Thus, the only question that legitimately arises from the prosecution’s late filing of a section 851(a)(1) information concerns the court’s authority to impose an enhanced sentence. This is simply not a question of subject-matter jurisdiction.
Prou, 199 F.3d at 45 (parallel citation omitted). I agree. Accordingly, I conclude that the provisions of § 851, like charges of drug quantity in an indictment, are not “jurisdictional,” and are thus subject to the ordinary rules of waiver and forfeiture.
Jones does not dispute that he failed to raise any argument concerning the § 851 information in his initial appeal. The result of such a failure is waiver of the claim in question.[3] See Rowland v. American General Finance, Inc., 340 F.3d 187, 191 n. 1 (4th Cir.2003) (“Given that she had the opportunity (indeed the duty) to raise this and all other appealable issues in her initial appeal, we conclude that she has waived appellate consideration of this claim.”); Omni Outdoor Adver., Inc. v. Columbia Outdoor Adver., Inc., 974 F.2d 502, 505 (4th Cir.1992) (issues not raised on first appeal will be considered waived and cannot be raised in a subsequent appeal); see also United States v. Husband, 312 F.3d 247, 251 (7th Cir.2002) (noting that “any issue that could have been but was not raised on appeal is waived and thus not remanded”); United States v. Morris, 259 F.3d 894, 898 (7th Cir.2001) (“[Pjarties cannot use the accident of remand as an opportunity to reopen waived issues.”). Because, as I explain below, Jones has waived his argument concerning the § 851 information’s timeliness, I need not consider whether such an information filed after voir dire has begun, but before the jury is sworn, is filed “before trial.”[4]
While the ordinary result of failure to raise an argument in this situation is waiver, I might conclude that Jones has not waived the argument if he lacked either an opportunity or an incentive to raise the argument at his initial sentencing in 1999 and in his initial appeal in 2001. See, e.g., United States v. Carpenter, 320 F.3d 334, 341 n. 6 (2d Cir.2003). Even assuming that Jones lacked opportunity or incentive to raise the § 851 issue at his initial sentencing, however, his current challenge *849 must fail because he not only had both an opportunity and an incentive to raise the argument in his first appeal, but he also made a strategic decision not to raise the issue in that appeal. See note 3, supra.
At Jones’s initial sentencing, without the benefit of our decision in Rhynes and the Supreme Court’s in Apprendi, the district court assumed the propriety of its determining both drug type and quantity, a process which led the district court to conclude under the guidelines that a sentence of more than seventeen years was appropriate. After the decisions in Rhynes and Apprendi, the course followed by the district court was shown to be erroneous. This revelation made plain the prospect of a sentence reduction to the statutory maximum applicable to an indeterminate quantity of the least-punished drug that was an object of the conspiracy, and it was on the basis of the decisions in Rhynes and Apprendi that we “vacate [d] Jones’s sentence and remand[ed] to the district court for imposition of a sentence that does not exceed the ten-year statutory maximum set out in § 841(b)(1)(D).” United States v. Jones, 17 Fed.Appx. 240, 245 (4th Cir.2001) (per curiam) (unpublished). It hardly bears pointing out that Rhynes and Apprendi were both decided well before Jones’s first appeal was argued, and if these decisions were the necessary predicates to the excogitation of Jones’s argument, there can be no reason why he lacked either opportunity or incentive to raise it in that appeal. Yet the dissent, while conceding that Rhynes and Apprendi made “the prospect of a five-year mandatory maximum” apparent, would excuse Jones’s failure to argue for such a maximum. Post, at 855.
Nor should we excuse Jones’s failure to raise the § 851 issue because, at the time of his initial sentencing and first appeal, the issue was somehow lurking in an unknowable future, becoming relevant only after our decision in the first appeal. The § 851 issue became relevant (i.e., became an argument that Jones had an incentive to raise) not after our remand in the first appeal but when the Government sought to rely on Jones’s prior conviction to enhance his sentence pursuant to § 851. The dissent suggests that, at the time of Jones’s first appeal, “the government ... did not rely on or even mention the § 851 enhancement” and therefore Jones “had no reason to raise it in his initial appeal.” Post, at 855. The Presentence Investigation Report (PSI) used at Jones’s initial sentencing, however, noted that the government had filed a § 851 notice and sought to rely on Jones’s prior conviction to enhance his sentence. (J.A. at 189.) Moreover, at his initial sentencing hearing, Jones’s attorney noted that the district court had submitted a general verdict form to the jury, and his attorney argued that because the jury had not determined the drug type involved, the district court was limited to the statutory maximum term applicable to the least-punished drug alleged in the indictment, in this case marijuana. Jones’s attorney then stated
the maximum sentence to which [the defendants] could be exposed is the five years for the marijuana, unless, as is the case with Mr. Jones, the government has filed a notice of subsequent offender, in which case they would double the penalty, and he would be exposed to ten years.
(J.A. at 101 (emphases added).) Thus, even if its filing of a § 851 notice were insufficient to indicate the Government’s intent to rely on a prior conviction to enhance Jones’s sentence, the issue plainly arose, and was addressed, at sentencing. Indeed, Jones’s own attorney asked the court to remain within a ten-year, rather than a five-year, minimum, assuming an enhancement under the very information *850 he now seeks to challenge as improperly filed.
The importance of the waiver rule in preventing piecemeal litigation of issues was expressed in Omni, where we stated:
The most rudimentary procedural efficiency demands that litigants present all available arguments to an appellate court on the first appeal. If parties who lost on appeal were allowed to return to appellate courts to advance different, previously available theories, cases could languish for years before final resolution and already crowded court dockets would swell even more.
Omni, 974 F.2d at 505; cf. also Greene v. United States, 880 F.2d 1299, 1305 (11th Cir.1988) (petitioner’s failure to raise available sentencing objection on direct appeal results in waiver for purposes of habeas review). I cannot agree with the suggestion that we ignore this rudimentary principle of procedural efficiency and permit Jones to litigate now an issue that was available to him at the time of his first appeal.
III.
For the foregoing reasons, I would affirm the judgment of the district court.

. Section 851 provides, in relevant part,
No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.
21 U.S.C.A. § 851 (West 1999).

. In fact, Jones testified at trial to his prior federal conviction as part of his broader contention that the Government had concocted the instant prosecution against him simply as a means of keeping him in prison. He went on to testify that he was "embarrassed” to be in federal court charged with such a paltry amount of drugs, and suggested that if he were dealing drugs again, it would have been in much larger quantities than the Government was alleging. (J.A. at 99.)

. In addition to his jurisdictional argument, Jones asserts that he could not have raised this issue in his first appeal because he was "of the opinion that the other issues were more than sufficient to justify reversal of the conviction,” and that it would have been "improper” to argue to this court both that he should have been convicted and sentenced only for unlawful possession of marijuana and that his sentence for conspiracy to distribute marijuana should have been limited based upon the Government’s improper notice of intent to rely on a prior conviction. Inconsistent defenses or appellate arguments are of course not prohibited. United States v. Harbin, 377 F.2d 78, 80 (4th Cir.1967). Further, as is explained more fully in the text, Jones plainly had both an incentive and an opportunity to raise the issue in his first appeal—a five-year mandatory maximum would certainly have been relevant, as the district court initially sentenced Jones to more than ten years, and as this court, in that appeal, remanded with instructions to sentence him within the ten-year maximum for repeat offenders and a detectable amount of marijuana.

. As an alternative to his primary argument regarding jurisdiction, Jones suggests that we ought to excuse his failure to raise the issue of the § 851 information's timeliness on direct appeal because it was the result of his counsel’s ineffectiveness. Ineffective assistance claims, however, are generally not cognizable on direct appeal unless the trial record conclusively establishes such ineffective assistance. See United States v. King, 119 F.3d 290, 295 (4th Cir.1997). On the record before us, I do not believe this is such a case.