**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4362**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

EDWARD CASH, a/k/a Eddie, a/k/a Ed,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Cameron McGowan Currie, District
Judge.  (3:07-cr-01254-CMC-1)

Submitted:  October 2, 2008          Decided:  October 27, 2008

Before WILKINSON, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

H. Wayne Floyd, WAYNE FLOYD LAW OFFICE, West Columbia, South
Carolina, for Appellant.  W. Walter Wilkins, United States
Attorney, William K. Witherspoon, Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Cash pled guilty pursuant to a plea agreement to conspiracy to possess with the intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841, 846 (2000), and was sentenced to 235 months in prison. Cash's sole contention on appeal is that it was error for the district court to enhance his sentence under 21 U.S.C. § 841(b)(1)(A) (2000) when no 21 U.S.C. § 851 (2000) information was filed by the Government. Finding no reversible error, we affirm.

Cash explicitly agreed in his plea agreement that the Government complied with § 851's notice requirements and that he would not challenge the qualifying nature of his prior convictions. He also attested at his plea hearing that he read his plea agreement, was familiar with and understood this provision, and entered the plea agreement knowingly and voluntarily. Despite the seemingly mandatory phrasing of § 851, we have recently recognized that its formal requirements can be waived. United States v. Beasley, 495 F.3d 142, 148 (4th Cir. 2007), cert. denied, 128 S. Ct. 1471 (2008). In light of the particular facts revealed by the record in this appeal, we conclude that Cash waived his right to challenge the Government's technical noncompliance with § 851. See United States v. Mooring, 287 F.3d 725, 728 (8th Cir. 2002) (finding § 851's notice requirements waived by the defendant where: (i) the defendant stipulated in his plea agreement that he received

proper § 851 notice, even though he had not; (ii) admitted the prior conviction to the district court; and (iii) indicated that he was aware of the enhanced sentence).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED