**UNITED STATES of America,
Appellee,**

v.

**Sam HARBIN, Appellant.**

**No. 11053.**

United States Court of Appeals
Fourth Circuit.

Argued March 6, 1967.

Decided April 7, 1967.

---

**SOBELOFF, Circuit Judge:**

Appellant raises three questions on this appeal from his conviction by a jury on a single-count indictment charging the possession *and* sale of eight gallons of moonshine whiskey in violation of 26 U.S.C.A. § 5604(a) (1) (Supp.1966). He contends that: (1) his right to a speedy trial was abridged by the lapse of five months between the alleged commission of the offense and the issuance of an arrest warrant; (2) while appellant denied having sold whiskey, yet assuming that he did make the alleged sale, he was entrapped by an undercover agent; and (3) the indictment was fatally defective for duplicity. We find no merit in any of these contentions.

Moloney, an undercover agent for the Alcohol & Tobacco Tax Division of the Internal Revenue Service, was endeavoring to detect illegal liquor activities in the area of Beckley, West Virginia, for a period not disclosed in the record. On the night of February 16, 1964, he went to the home of the defendant, Sam Harbin, and allegedly purchased moonshine whiskey from him. From Moloney's testimony, it appears that Harbin had advised him on previous visits that he would have whiskey available for purchase on this night. Although the alleged offense occurred on February 16, 1964, a warrant was not issued until June 22 of that year. The defendant was arrested the following day. The defendant's version was that while Moloney came to his home on the night in question, no sale took place. The issue was one of credibility. The jury found the defendant guilty as charged and he was sentenced to two years in prison.

■ We recognize that a constitutional question may arise where there is deliberate delay over a long period in initiating a prosecution, just as where there has been undue delay in bringing the defendant to trial after prosecution has been instituted. There have been a number of cases involving undercover offi-

Brown H. Payne (Court-appointed counsel) [C. C. Malone, Jr., Durham, N. C., on the brief] for appellant.

W. Warren Upton, Asst. U. S. Atty., (Milton J. Ferguson, U. S. Atty., and Charles M. Love, III, Asst. U. S. Atty., on the brief) for appellee.

Before SOBELOFF and J. SPENCER BELL,* Circuit Judges, and SIMONS, District Judge.

* Judge Bell participated in the hearing and concurred in the disposition of the case but died before the opinion was prepared.

cers and pre-arrest delay deliberately incurred in order to prevent disclosure of an agent's identity until after completion of a series of undercover investigations. In several of these cases, the agent was following so many leads simultaneously, that a substantial doubt arose as to whether the agent's recollection at the end of the period was sharp enough to enable him to make a satisfactory identification of the defendant. See, e. g., Woody v. United States, 370 F.2d 214 (1966); Ross v. United States, 121 U.S. App.D.C. 233, 349 F.2d 210 (1965).[1]

■ Here, however, the defendant shows merely the fact of a five months' delay. There is neither an allegation nor an attempt to prove that the passage of time impaired the memory of the accusing witness or that the defendant was in anywise handicapped in his defense by reason of the delay. The principle of the above cited cases is acknowledged by this court, but these involved distinctly different fact situations. In each, the defendant claimed that the delay in arrest made it impossible for him to meet the charge for he could no longer remember where he actually was on the date of the alleged offense.[2]

■ Inconsistent defenses may of course be made, and an issue of entrapment is argued here as an alternative defense. But no basis whatever for a claim of entrapment is shown in this record. Compare Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932). Furthermore, it is a defense which was not made in the trial and is raised here for the first time. Indeed, when the judge observed in his charge to the jury that no question of entrapment was presented and that the jury should give it no consideration, defense counsel interposed no objection. The entrapment contention is utterly without support and appears to have occurred to the appellant only after the district court trial.

■ The issue of duplicity was not raised until the close of all the evidence when the court was discussing proposed instructions with counsel. At that late hour, defense counsel first challenged the indictment on the ground that it charged in a single count both possession *and* sale.[3] However, the Rules provide that "objections based on defects * * * in the indictment or information * * * may be raised only by motion *before*

1. An *unreasonable* delay between offense and formal charge has been categorized as a violation of the Fifth Amendment guarantee of due process, and suggestions have been made that it may constitute a violation of the Sixth Amendment rights to a speedy trial and to *effective* assistance of counsel.

2. In *Woody* and *Ross*, the record was developed to show how the defendant was prejudiced. The undercover agent, who was the same in both cases, swore out simultaneous warrants at the end of his manifold investigations against 50 persons. The agent, who was the sole government witness, acknowledged that he had no recollection of the particular defendant except as aided by his notebook. In both cases, the defendant asserted lack of recollection and inability to reconstruct the events of the day. In *Ross*, it was shown in addition that a witness who had been scheduled to testify in defendant's behalf ultimately decided not to appear because "I didn't think I could remem-

ber." 349 F.2d at 214. In sharp contrast, the government's witness in the present case testified from his own memory, without the aid of notes. The appellant does not deny that the agent came to his home or that he was present on the occasion when the offense was alleged to have occurred, but denies making the sale.

3. Title 26 U.S.C. § 5604(a)(1) provides in part: "Any person who shall—(1) transport, possess, buy, sell, *or* transfer any distilled spirits * * *." (Emphasis supplied.) A number of cases have held that where separate means of effecting a violation are joined in the disjunctive in a statute, they may be joined in a single count of an indictment by the conjunctive "and" without being duplicitous. E. g., Crain v. United States, 162 U.S. 625, 16 S.Ct. 952, 40 L.Ed. 1097 (1896); Price v. United States, 150 F. 2d 283 (5th Cir.), cert. denied, 326 U.S. 789, 66 S.Ct. 473, 90 L.Ed. 479 (1945).

trial." Fed.R.Crim.P. 12(b) (2). (Emphasis supplied.) The failure to make timely objection to the indictment ordinarily constitutes a waiver of the point, and we perceive nothing in this case that suggests a relaxation of the Rule in the interests of justice.[4]

The judgment is

*Affirmed.*

4. "Failure to dismiss an indictment in cases of duplicity does not ordinarily disadvantage the accused." 8 Moore, Federal Practice ¶ 8.04 [1], at 8–13 (2d ed. 1965).