UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

JOHN EDWARD JONES, JR., a/k/a
Liddy,

            *Defendant-Appellant.*

⎱
⎰ No. 02-4257

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William N. Nickerson, Senior District Judge.
(CR-98-48-WMN)

Argued: May 9, 2003

Decided: September 12, 2003

Before WILLIAMS, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion. Judge Williams wrote an opinion concurring in the judgment. Judge Shedd wrote an opinion concurring in the judgment. Judge Michael wrote a dissenting opinion.

## COUNSEL

**ARGUED:** Sol Zalel Rosen, Washington, D.C., for Appellant. Andrea L. Smith, Assistant United States Attorney, Baltimore, Maryland, for Appellee. **ON BRIEF:** Thomas M. DiBiagio, United States Attorney, Jane M. Erisman, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

The judgment of the district court is

*AFFIRMED*.

WILLIAMS, Circuit Judge, concurring in the judgment:

In an earlier appeal in this case, we vacated the sentence imposed upon John Edward Jones, Jr., after his conviction under 21 U.S.C.A. § 846 (West 1999) for conspiracy to distribute narcotics and remanded for resentencing in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See United States v. Jones*, 2001 WL 1019398, 17 Fed. Appx. 240 (4th Cir. Dec. 18, 2001) (per curiam) (unpublished). At resentencing, Jones raised, for the first time, the issue of whether he had timely been served with notice, as mandated by 21 U.S.C.A. § 851 (West 1999), that the Government intended to proceed against him as a repeat offender.[1] The district court concluded that the § 851 information was timely filed, and Jones appeals. Because I conclude that Jones waived his argument regarding the timeliness of the § 851 information by failing to raise it in his initial appeal, I would affirm.

---

[1]Section 851 provides, in relevant part,

No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C.A. § 851 (West 1999).

I.

Jones was indicted for conspiracy to distribute heroin and marijuana, in violation of § 846. Drug quantity was not specified in the indictment. The jury was asked to return a general verdict on whether the defendants were guilty of conspiracy to distribute narcotics, without specifying the drug type (marijuana or heroin). The jury found all four defendants guilty, and the court imposed a 210-month sentence on Jones.

In his initial appeal in this case, Jones challenged both his conviction and sentence on several grounds, arguing that: (1) the district court erred in allowing the jury to return a general verdict not specifying drug type where the indictment charged him with a conspiracy involving both heroin and marijuana; (2) there was insufficient evidence to support the conviction; (3) the district court's factual findings as to drug quantity violated *Apprendi*, and the district court erred in relying on a government informant's testimony to calculate quantity; and (4) the district court erred in refusing to give an instruction on the lesser-included offense of simple possession of marijuana. *Jones*, 17 Fed. Appx. at 244 & n.2.

We rejected each of Jones's contentions except his argument concerning *Apprendi*. With respect to that argument, we concluded that Jones's sentence violated the rule dictated by *Apprendi* — "that in order to authorize the imposition of a sentence exceeding the maximum allowable without a jury finding of a specific threshold drug quantity, the specific threshold quantity must be treated as an element of an aggravated drug trafficking offense." *Jones*, 17 Fed. Appx. at 248 (quoting *United States v. Promise*, 255 F.3d 150, 156 (4th Cir. 2001) (en banc)). Without a jury finding of a specific threshold quantity of marijuana, the statutory maximum sentence for conspiracy to distribute marijuana is ten years' imprisonment if the defendant has a prior felony drug conviction. *See* § 841(b)(1)(D). In light of Jones's prior felony drug conviction, we reasoned, the maximum sentence he could receive was ten years, and we remanded for the district court to sentence him in compliance with that limit. *Jones*, 17 Fed. Appx. at 248.

At resentencing, Jones argued that the § 851 information filed by the Government was untimely because it was filed after voir dire had

begun. Jones contended that, for purposes of § 851, trial begins when voir dire begins, and thus failure to file before that point constitutes failure to file "before trial," as § 851 requires. Because the § 851 information was untimely filed, Jones argued, his sentence should be limited to five years, the applicable statutory maximum sentence where the defendant does not have a prior felony drug conviction and there is no jury finding of drug quantity. *See* § 841(b)(1)(D). The district court held that filing the information before the jury was sworn constituted filing "before trial," and therefore that the Government had complied with § 851. The district court sentenced Jones to ten years' imprisonment. Jones appeals, arguing only that the § 851 information was untimely filed.

## II.

I first consider whether Jones has waived his argument concerning the timeliness of the § 851 information. As noted above, Jones did not raise any objection at trial to the § 851 information[2] and did not raise the timeliness issue in his initial appeal. Responding in this appeal to the Government's contention that he has waived any argument concerning timeliness, Jones asserts that failure timely to file a § 851 information deprives the district court of jurisdiction to impose an enhanced sentence. An objection to the timeliness of such an information, he argues, may be raised at any time because jurisdictional defects cannot be forfeited or waived. *See American Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003) (noting that "a party can challenge subject matter jurisdiction for the first time on appeal even though, in most contexts, issues not raised below are considered waived").

We have not addressed in a published opinion the question of whether § 851's requirements are "jurisdictional." Other circuits are

---

[2]In fact, Jones testified at trial to his prior federal conviction as part of his broader contention that the Government had concocted the instant prosecution against him simply as a means of keeping him in prison. He went on to testify that he was "embarrassed" to be in federal court charged with such a paltry amount of drugs, and suggested that if he were dealing drugs again, it would have been in much larger quantities than the Government was alleging. (J.A. at 99.)

split on the issue. Several circuits have stated, without detailed analysis, the proposition that § 851's requirements are jurisdictional in nature. *See, e.g.*, *United States v. Lawuary*, 211 F.3d 372, 376 n.6 (7th Cir. 2000); *Harris v. United States*, 149 F.3d 1304, 1306 (11th Cir. 1998); *United States v. Hill*, 142 F.3d 305, 312 (6th Cir. 1998); *United States v. Wright*, 932 F.2d 868, 882 (10th Cir. 1991); *cf. Lawuary*, 211 F.3d at 378 (Easterbrook, J., concurring) (noting that while "[i]t is easy to find opinions saying that § 851(a) is a jurisdictional rule . . . [i]t is considerably harder to find an explanation for this assertion"; joining all parts of majority opinion except a footnote stating that § 851's requirements are jurisdictional). On the other hand, at least three circuits have recently held explicitly that § 851's procedural requirements are not jurisdictional and are thus subject to the ordinary rules of waiver and forfeiture. *See United States v. Ceballos*, 302 F.3d 679, 690-92 (7th Cir. 2002) (panel opinion overruling *Lawuary*'s footnote statement that § 851(a)'s requirements are jurisdictional and cannot be waived, because that statement was based on circuit precedent unsupported by reasoning), *cert. denied*, ___ U.S. ___, 123 S. Ct. 924, 925, and ___ U.S. ___, 123 S.Ct. 1571 (2003)); *United States v. Mooring*, 287 F.3d 725, 727 (8th Cir. 2002) (concluding that § 851(a)'s requirements are not jurisdictional); *Prou v. United States*, 199 F.3d 37, 43-46 (1st Cir. 1999) (same).

The Supreme Court has instructed that subject matter jurisdiction is "the courts' statutory or constitutional power to adjudicate the case." *United States v. Cotton*, 535 U.S. 625, 630 (2002) (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998)). Not all statutory delineations of the court's power to act in a given case are jurisdictional provisions, however. In *Steel Co.*, the Court held that a statute stating that "'[t]he district court shall have jurisdiction in actions brought under subsection (a) of this section . . . [to grant certain relief],'" did not affect the jurisdiction of the court; instead, the statute was properly read as "specifying the remedial *powers* of the court, viz., to enforce the violated requirement and to impose civil penalties." *Steel Co.*, 523 U.S. at 90. Nothing in its jurisprudence, the Court noted, suggested "the expansive principle that a statute saying 'the district court shall have jurisdiction to remedy violations [in specified ways]' renders the existence of a violation necessary for subject-matter jurisdiction." *Id.* at 91-92.

Nor does the omission from an indictment of a fact that enhances the statutory maximum sentence affect the court's jurisdiction to impose an enhanced sentence. In *Cotton*, the Supreme Court held that "defects in an indictment [in *Cotton*, the omission of drug quantity] do not deprive a court of its power to adjudicate a case." *Cotton*, 535 U.S. at 630. Thus, the Court could conclude that there was no plain error warranting relief in sentences exceeding the 20-year statutory maximum for a detectable amount of cocaine or cocaine base even though quantity had not been charged in the indictment or submitted to the jury. Although the district court in *Cotton erred* in meting out the sentences in the absence of a charge in the indictment or a jury finding, its jurisdiction to impose the sentences was not affected by the omission of the quantity element from the indictment.

The relevant principle from *Steel Co.* and *Cotton* is that only those claims that concern the constitutional or statutory limits of the court's authority to adjudicate in a given action implicate jurisdiction. The district courts have jurisdiction over drug prosecutions brought under the federal drug laws pursuant to 18 U.S.C.A. § 3231, which states that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C.A. § 3231 (West 2000). "This jurisdiction necessarily includes the imposition of criminal penalties." *Prou*, 199 F.3d at 45. As in *Steel Co.* and *Cotton*, a limitation on the remedy that a district court may grant or the sentence it may impose does not affect the court's subject matter jurisdiction. The court in *Prou* explained:

> Once subject-matter jurisdiction has properly attached, courts may exceed their authority or otherwise err without loss of jurisdiction. *See United States v. Wey*, 895 F.2d 429, 431 (7th Cir. 1990) ("Courts may err, even offend the Constitution, without losing subject-matter jurisdiction."); *cf. Blackledge v. Perry*, 417 U.S. 21, 30 (1974) (indicating that only claims that go "to the very power of the State to bring the defendant into court to answer the charge brought against him" implicate subject-matter jurisdiction). Thus, the only question that legitimately arises from the prosecution's late filing of a section 851(a)(1) information concerns

the court's authority to impose an enhanced sentence. This is simply not a question of subject-matter jurisdiction.

*Prou*, 199 F.3d at 45 (parallel citation omitted). I agree. Accordingly, I conclude that the provisions of § 851, like charges of drug quantity in an indictment, are not "jurisdictional," and are thus subject to the ordinary rules of waiver and forfeiture.

Jones does not dispute that he failed to raise any argument concerning the § 851 information in his initial appeal. The result of such a failure is waiver of the claim in question.[3] *See Rowland v. American General Finance, Inc.*, ___ F.3d ___, 2003 WL 21912173 at *2 n.1 (4th Cir. Aug. 12, 2003) ("Given that she had the opportunity (indeed the duty) to raise this and all other appealable issues in her initial appeal, we conclude that she has waived appellate consideration of this claim."); *Omni Outdoor Adver., Inc. v. Columbia Outdoor Adver., Inc.*, 974 F.2d 502, 505 (4th Cir. 1992) (issues not raised on first appeal will be considered waived and cannot be raised in a subsequent appeal); *see also United States v. Husband*, 312 F.3d 247, 251 (7th Cir. 2002) (noting that "any issue that could have been but was not raised on appeal is waived and thus not remanded"); *United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001) ("[P]arties cannot use the accident of remand as an opportunity to reopen waived issues."). Because, as I explain below, Jones has waived his argument concern-

---

[3]In addition to his jurisdictional argument, Jones asserts that he could not have raised this issue in his first appeal because he was "of the opinion that the other issues were more than sufficient to justify reversal of the conviction," and that it would have been "improper" to argue to this court both that he should have been convicted and sentenced only for unlawful possession of marijuana and that his sentence for conspiracy to distribute marijuana should have been limited based upon the Government's improper notice of intent to rely on a prior conviction. Inconsistent defenses or appellate arguments are of course not prohibited. *United States v. Harbin*, 377 F.2d 78, 80 (4th Cir. 1967). Further, as is explained more fully in the text, Jones plainly had both an incentive and an opportunity to raise the issue in his first appeal — a five-year mandatory maximum would certainly have been relevant, as the district court initially sentenced Jones to more than ten years, and as this court, in that appeal, remanded with instructions to sentence him within the ten-year maximum for repeat offenders and a detectable amount of marijuana.

ing the § 851 information's timeliness, I need not consider whether such an information filed after voir dire has begun, but before the jury is sworn, is filed "before trial."[4]

While the ordinary result of failure to raise an argument in this situation is waiver, I might conclude that Jones has not waived the argument if he lacked either an opportunity or an incentive to raise the argument at his initial sentencing in 1999 and in his initial appeal in 2001. *See, e.g.*, *United States v. Carpenter*, 320 F.3d 334, 341 n.6 (2d Cir. 2003). Even assuming that Jones lacked opportunity or incentive to raise the § 851 issue at his initial sentencing, however, his current challenge must fail because he not only had both an opportunity and an incentive to raise the argument in his first appeal, but he also made a strategic decision not to raise the issue in that appeal. *See* note 3, *supra*.

At Jones's initial sentencing, without the benefit of our decision in *Rhynes* and the Supreme Court's in *Apprendi*, the district court assumed the propriety of its determining both drug type and quantity, a process which led the district court to conclude under the guidelines that a sentence of more than seventeen years was appropriate. After the decisions in *Rhynes* and *Apprendi*, the course followed by the district court was shown to be erroneous. This revelation made plain the prospect of a sentence reduction to the statutory maximum applicable to an indeterminate quantity of the least-punished drug that was an object of the conspiracy, and it was on the basis of the decisions in *Rhynes* and *Apprendi* that we "vacate[d] Jones's sentence and remand[ed] to the district court for imposition of a sentence that does not exceed the ten-year statutory maximum set out in § 841(b)(1)(D)." *United States v. Jones*, 2001 WL 1019398, 17 Fed. Appx. 240, 245 (4th Cir. Dec. 18, 2001) (per curiam) (unpublished). It hardly bears

---

[4]As an alternative to his primary argument regarding jurisdiction, Jones suggests that we ought to excuse his failure to raise the issue of the § 851 information's timeliness on direct appeal because it was the result of his counsel's ineffectiveness. Ineffective assistance claims, however, are generally not cognizable on direct appeal unless the trial record conclusively establishes such ineffective assistance. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). On the record before us, I do not believe this is such a case.

pointing out that *Rhynes* and *Apprendi* were both decided well before Jones's first appeal was argued, and if these decisions were the necessary predicates to the excogitation of Jones's argument, there can be no reason why he lacked either opportunity or incentive to raise it in that appeal. Yet the dissent, while conceding that *Rhynes* and *Apprendi* made "the prospect of a five-year mandatory maximum" apparent, would excuse Jones's failure to argue for such a maximum. *Post*, at 18.

Nor should we excuse Jones's failure to raise the § 851 issue because, at the time of his initial sentencing and first appeal, the issue was somehow lurking in an unknowable future, becoming relevant only *after* our decision in the first appeal. The § 851 issue became relevant (*i.e.*, became an argument that Jones had an incentive to raise) not after our remand in the first appeal but when the Government sought to rely on Jones's prior conviction to enhance his sentence pursuant to § 851. The dissent suggests that, at the time of Jones's first appeal, "the government . . . did not rely on or even mention the § 851 enhancement" and therefore Jones "had no reason to raise it in his initial appeal." *Post*, at 18. The Presentence Investigation Report (PSI) used at Jones's initial sentencing, however, noted that the government had filed a § 851 notice and sought to rely on Jones's prior conviction to enhance his sentence. (J.A. at 189.) Morever, at his initial sentencing hearing, Jones's attorney noted that the district court had submitted a general verdict form to the jury, and his attorney argued that because the jury had not determined the drug type involved, the district court was limited to the statutory maximum term applicable to the least-punished drug alleged in the indictment, in this case marijuana. Jones's attorney then stated

> the maximum sentence to which [the defendants] could be exposed is the five years for the marijuana, unless, *as is the case with Mr. Jones, the government has filed a notice of subsequent offender*, in which case they would *double the penalty, and he would be exposed to ten years.*

(J.A. at 101 (emphases added).) Thus, even if its filing of a § 851 notice were insufficient to indicate the Government's intent to rely on a prior conviction to enhance Jones's sentence, the issue plainly arose, and was addressed, at sentencing. Indeed, Jones's own attorney asked

the court to remain within a ten-year, rather than a five-year, minimum, assuming an enhancement under the very information he now seeks to challenge as improperly filed.

The importance of the waiver rule in preventing piecemeal litigation of issues was expressed in *Omni*, where we stated:

> The most rudimentary procedural efficiency demands that litigants present all available arguments to an appellate court on the first appeal. If parties who lost on appeal were allowed to return to appellate courts to advance different, previously available theories, cases could languish for years before final resolution and already crowded court dockets would swell even more.

*Omni*, 974 F.2d at 505; *cf. also Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1988) (petitioner's failure to raise available sentencing objection on direct appeal results in waiver for purposes of habeas review). I cannot agree with the suggestion that we ignore this rudimentary principle of procedural efficiency and permit Jones to litigate now an issue that was available to him at the time of his first appeal.

### III.

For the foregoing reasons, I would affirm the judgment of the district court.

SHEDD, Circuit Judge, concurring in the judgment:

On remand from our earlier decision, *United States v. Jones*, 17 Fed. Appx. 240 (4th Cir. 2001) (*Jones I*), Jones argued for the first time that his sentence cannot exceed five years because of the government's alleged failure to provide timely notice that it would rely upon a prior conviction to increase his sentence. *See* 21 U.S.C. § 851. The district court fully considered and rejected Jones' argument that the notification was untimely and sentenced him to ten years' imprisonment. Because Jones presented the § 851 argument on remand of the initial appeal, the propriety of our consideration of the issue is not pri-

marily a question of waiver (or forfeiture).[1] Rather, the question is more precisely analyzed within the framework of the mandate rule. Jones' argument that he faces a maximum sentence of five years does not fall outside the parameters of our mandate in *Jones I*; therefore, the issue is properly before us on this appeal. Jones' contention that the government failed to comply with § 851, however, is contrary to the plain language of the statute, and the district court correctly determined that the government provided timely notice to him. Accordingly, I would affirm the judgment of the district court.

## I.

It is well established that a lower court is "bound to carry the mandate of the upper court into execution and may not consider the questions which the mandate laid at rest." *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993). This doctrine, known as the mandate rule, "forecloses litigation on remand of issues decided by the district court but foregone on appeal or otherwise waived." *United States v. Aramony*, 166 F.3d 655, 662 (4th Cir. 1999). If "the mandate of the appellate court instructs or *permits* reconsideration of sentencing issues on remand," however, the district court may consider the issues *de novo*. *Bell*, 5 F.3d at 67 (emphasis added).

Because the mandate rule does not preclude the *de novo* consideration of issues at resentencing, an argument presented for the first time on remand is not necessarily waived. The conclusion that a particular argument has been waived is, of course, case-specific and depends upon the mandate of the appellate court. For example, in *United States v. Henoud*, 81 F.3d 484 (4th Cir. 1996), we vacated a restitution order after determining that there were inconsistencies in the record regarding the amount of restitution owed to each victim. On remand, the defendant argued for the first time that a purported victim should not have been considered as such because the victim was not named in the indictment. On the second appeal, the government argued that the defendant had waived the issue by not raising

---

[1]*See* 18B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*: Jurisdiction 2d § 4478.3, at 827 (2002) (discussing distinction between waiver and forfeiture). I will hereafter refer to this concept as waiver.

it at the initial sentencing. We noted, however, that because the purpose of the remand was to determine the amount of restitution actually owed, the scope of our remand order reasonably encompassed the arguments advanced by the defendant. *Id.* at 487 n.8. Accordingly, we determined that the defendant did not waive the issue and that the mandate rule did not preclude the district court from considering it on remand. *Id.*

The scope of our remand in *Jones I*, therefore, is critical to determining whether the district court properly considered Jones' § 851 argument at resentencing. In *Jones I*, we instructed the district court to impose a sentence "that does not exceed the ten-year statutory maximum set out in § 841(b)(1)(D)." 17 Fed. Appx. at 245. While it is arguable that we expected Jones to be sentenced to ten years, we did not specifically rule on this point, and our mandate did not prohibit the district court from imposing a sentence of less than ten years. Jones' argument that his sentence may not exceed five years, therefore, falls within the terms of the mandate, and the district court properly considered the issue at resentencing.[2]

We are here presented with a question that requires an analysis under the mandate rule, and upon remand, Jones pressed the district court for a sentence that was consistent with the mandate. Given these facts, I do not believe that Jones waived his challenge to the timeliness of the government's notification in this case. Accordingly, we may consider it on appeal.

II.

Turning to the merits, Section 851 provides, in pertinent part:

---

[2]One leading commentator has noted that the complex nature of the Sentencing Guidelines often results in numerous opportunities to challenge a sentence. If a sentence is set aside on appeal, "the process of setting a new sentence within the Guidelines may require—or at least justify—reconsideration of many aspects of the original determination." Wright et al., *supra*, at 763 (2002). If a court of appeals intends to control the resentencing process, therefore, it should clearly state what is required of the district court. *Id.*

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, *unless before trial, or before entry of a plea of guilty*, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

(Emphasis added). This statute provides two reference points to determine the timeliness of the government's notice: "before trial" and "before entry of a plea of guilty." Here, the government provided notice to Jones that it would rely upon a prior conviction after jury selection but before the swearing of the jury. Jones contends that "before trial" means before jury selection and that the government, in filing the information after jury selection had begun, did not comply with the notice requirements of § 851.

The threshold question that we must address is whether the words "before trial," *as used in § 851*, are ambiguous. *See United States v. Jennings*, 323 F.3d 263, 266 (2003). If they are not, we are bound to apply the statute according to its plain terms. *Id.* In addressing whether there is an ambiguity, our determination is guided "by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id.*; *see also Davis v. Michigan Dep't of Treasury*, 489 U.S. 803, 809 (1989) ("It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.").

The parallel phrase "before entry of a plea of guilty" provides the proper context in which to determine the meaning of "before trial." This language unequivocally recognizes that notice *at any time* prior to a guilty plea is timely. Thus, notice given after jury selection is timely if the defendant subsequently pleads guilty. Were we to accept Jones' argument that "before trial" means before jury selection, however, a striking inconsistency would result. Notice given after jury selection would be timely if the defendant ultimately pleads guilty, but untimely if the defendant elects to proceed to trial. There is no basis to adopt this incongruous result. *See American Tobacco Co. v. Patterson*, 456 U.S. 63, 71 (1982) (noting that statutory interpretation

should "avoid untenable distinctions and unreasonable results when-
ever possible"). I therefore conclude that the terms of the statute,
when considered in their proper context, are not ambiguous and that
"before trial" means before the swearing of the jury.

Admittedly, several courts have determined that for purposes of
§ 851, "before trial" means before jury selection.[3] The Eighth Circuit
was the first court of appeals to address this question. In *United States
v. Johnson*, that court, without addressing the text of the statute, rea-
soned that notification before jury selection "allows the defendant
ample time to determine whether he should enter a plea or go to trial,
and to plan his trial strategy with full knowledge of the consequences
of a potential guilty verdict." *Johnson*, 944 F.2d at 407. I respectfully
suggest that this rationale, based upon the court's perceived policy
concerns, fails to address the statute itself. As I have explained, the
words "before trial" are not ambiguous within the context of the stat-
ute and hence, there is no need to refer to extrinsic matters, even if
one considers them to be valid policy concerns. Here, consideration
of these extrinsic concerns is not necessary because the text of the
statute is clear.

One of the cases relied upon by the dissent, *United States v. Jor-
dan*, 810 F.2d 262 (D.C. Cir. 1987), not only reserved a determination
as to when trial begins for purposes of § 851, but also rejected the
argument—virtually indistinguishable from the rationale advanced by
*Johnson* and its progeny (and Jones here)—that notice must allow for
a "calm meditation period." *Id.* at 269 ("[T]hat § 851(a) merely
requires that the information be filed before entry of a plea of guilty
belies any inference that it guarantees a calm meditation period.")
(internal quotation marks omitted). The court in *Jordan* acknowl-
edged the fundamental weakness in the general policy argument that

---

[3]*See United States v. White*, 980 F.2d 836, 842 (2d Cir. 1992); *Kelly
v. United States*, 29 F.3d 1107, 1110 (7th Cir. 1994), overruled on other
grounds by *United States v. Ceballos*, 302 F.3d 679 (7th Cir. 2002);
*United States v. Gonzalez-Lerma*, 14 F.3d 1479, 1484 (10th Cir. 1994);
*United States v. Johnson*, 944 F.2d 396, 407 (8th Cir. 1991). *But see
United States v. Galloway*, 57 F.3d 1071, 1995 WL 329242, at **8 (6th
Cir. 1995) (holding that trial begins when jury is sworn for purposes of
§ 851).

Jones urges us to adopt. While § 851 requires that the defendant receive notice, it does not guarantee the defendant "ample time" to develop strategy for the simple reason that notification is timely if given at any time before a guilty plea. *Jordan*, therefore, supports the approach that I take.

For the foregoing reasons, I conclude that the government provided Jones with timely notice under 21 U.S.C. § 851. Accordingly, I would affirm the judgment of the district court.

MICHAEL, Circuit Judge, dissenting:

When Jones appealed the first time, we vacated his 17 1/2-year prison sentence and remanded for resentencing "in accordance with the statutory maximum for the least-punished object of the [drug] conspiracy (distribution of marijuana)." *United States v. Jones*, 17 Fed. Appx. 240, 250 (4th Cir. 2001) (unpublished) (*Jones I*). At resentencing Jones was subject to a maximum prison term of five years or, if the government gave proper notice of its intent to rely on his prior felony drug conviction, ten years. *See* 21 U.S.C. §§ 841(b)(1)(D); *id.* § 851. The district court resentenced Jones to a ten-year term of imprisonment, and our court affirms. I respectfully dissent. The government did not file its § 851 notice "before trial" as the statute requires. Rather, it waited until after jury selection was under way to notify Jones that it intended to use his prior drug conviction to enhance his sentence. Jones objected to the late filing at resentencing, and he had not previously waived his right to object. Because the § 851 notice was late, I would vacate Jones's sentence once again and remand for him to be resentenced in accordance with the five-year statutory maximum.

I.

Section 851(a), the notice provision, reads: "No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless *before trial* . . . the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851(a) (emphasis added). The purpose of § 851's

notice requirement is to give a defendant ample time to decide whether to plead guilty or go to trial. If he chooses trial, he does so with full knowledge of the potential sentencing consequences of a guilty verdict. *See United States v. Johnson*, 944 F.2d 396, 407 (8th Cir. 1991).

It is true that Jones did not raise any argument about the late filing of the § 851 information at his initial sentencing or in his initial appeal. And it is true, as Judge Williams points out, that an issue not raised on a first appeal is generally considered to be waived (or more accurately, forfeited). *Ante* at 7. But an issue is not waived if the defendant did not "have both an opportunity *and* an incentive to raise it before the sentencing court or on appeal." *United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir. 2002) (emphasis added). Simply put, a "'defendant should not be held to have waived [a sentencing] issue if he did not have a reason to raise it at his original sentencing.'" *United States v. Ticchiarelli*, 171 F.3d 24, 32 (1st Cir. 1999) (quoting *United States v. Whren*, 111 F.3d 956, 960 (D.C. Cir. 1997)). *Cf. United States v. Jennings*, 83 F.3d 145, 151 (6th Cir.), amended by 96 F.3d 799 (6th Cir. 1996) (allowing de novo sentencing after remand); *United States v. Atehortva*, 69 F.3d 679, 685 (2d Cir. 1995) (same). The determination of whether a defendant had a sufficient incentive to raise an issue in earlier proceedings requires a "fact-intensive, case-by-case analysis." *Tichiarelli*, 171 F.3d at 33.

The record in this case amply demonstrates why Jones had no reason to raise the § 851 issue during his first sentencing and appeal. At trial the district court rejected Jones's request for a special verdict form that would have allowed the jury to specify whether it was convicting him and his co-defendants of a heroin conspiracy, a marijuana conspiracy, or both. As a result, the jury returned a general verdict that did not specify drug type. At Jones's initial sentencing, the district court sentenced him for conspiracy involving heroin. After concluding that at least 100 grams of heroin were sold, and adding points for Jones's distribution of drugs in a detention facility, for his obstruction of justice, and for his role in the conspiracy, the district court sentenced Jones to 210 months imprisonment, or 17 1/2 years. *See United States v. Jones*, No. WMN-98-048, Sentencing Tr. at 77-98 (D. Md. Sept. 22, 1999). Section 841(b)(1)(B) of Title 21 subjects a defendant involved in the distribution of 100 grams or more of heroin

to a minimum prison term of five years; if the defendant has a prior felony drug conviction, he is subject to a statutory enhancement that raises the minimum prison term to ten years, assuming the government complies with the requirements of § 851. At Jones's original sentencing, the routine calculations under the sentencing guidelines allowed the district court to sentence Jones to 17 1/2 years in prison; thus, the question of enhancing the five-year minimum to a ten-year minimum did not come up. The court, in other words, used the guidelines to sentence Jones to more than ten years, and the government therefore did not need to rely upon Jones's prior felony drug conviction to raise the five-year minimum to ten years. As a result, Jones had no reason to contest the untimely filing of the § 851 information at his original sentencing. *See Ticchiarelli*, 171 F.3d at 33 ("[W]aiver doctrine does not require that a defendant . . . raise every objection that *might* have been relevant if the district court had not already rejected the defendant's arguments."). The § 851 issue was simply not in play when Jones was sentenced the first time, and he could not have been expected to raise the issue "in anticipation of the possibility that, upon remand, [it] might be relevant." *Jennings*, 83 F.3d at 151.

Judge Williams nonetheless contends that the § 851 issue *was* relevant at Jones's first sentencing. *Ante* at 9-10. She is correct that the presentence report used in Jones's initial sentencing "note[d] that the government filed notice that the defendant is a second offender." J.A. 189. The question, however, is whether the § 851 notice came into play at the first sentencing. It did not. The government did not rely on or even mention the § 851 enhancement because the district court sentenced Jones, based on the heroin conspiracy, to a term of imprisonment that exceeded the enhanced ten-year minimum. As a result, there was simply no reason for Jones to object to the untimeliness of the § 851 notice at the first sentencing. It is also correct, as Judge Williams notes, *ante* at 10, that Jones's lawyer at his first sentencing referred to the government's filing of "a notice of subsequent offender," which would "double the penalty, and [Jones] would be exposed to ten years." J.A. 101. That comment was made in passing shortly before the district court once again rejected (as it had at trial) Jones's argument that the use of a general verdict was in error. *See United States v. Jones*, No. WMN-98-048, Sentencing Tr. at 9-16 (D. Md. Sept. 22, 1999). At Jones's second sentencing, the district court specifically found that this comment by Jones's lawyer at his first

sentencing did *not* amount to a waiver of Jones's right to challenge the untimely § 851 filing. J.A. 120. The district court was correct on this point. Finally, Judge Williams suggests that "a five-year mandatory maximum would certainly have been relevant" at Jones's original sentencing. *Ante* at 7 n.3. But as our decision in *Jones I* makes clear, *see infra*, the prospect of a five-year mandatory maximum for Jones arose only after our decision in *Rhynes* and the Supreme Court's decision in *Apprendi*, both of which were decided after Jones's initial sentencing. Jones could not have been expected at his initial sentencing to raise an issue that was not on the radar screen and was made relevant only by our decision on appeal. *See Whren*, 111 F.3d at 960 (concluding that "a defendant may argue at resentencing that the court of appeals' decision has breathed life into a previously dormant issue").

Because Jones had no reason to raise the § 851 issue at his original sentencing, it follows that he had no reason to raise it in his initial appeal. In fact, the government concedes that Jones did not raise the issue in his first appeal because "[s]imply stated, it was not at issue." Appellee's Br. at 12. Rather, in his first appeal Jones argued that the district court erred in using a general verdict form. He also argued that the court's factual findings on drug quantity violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See Jones I*, 17 Fed. Appx. at 244. In light of our opinion in *United States v. Rhynes*, 196 F.3d 207, 238-40 (4th Cir. 1999), we agreed with Jones that the district court erred in using a general verdict form that did not distinguish between the marijuana and heroin conspiracies. The government, in fact, conceded the error and chose "the option of having Jones resentenced for conspiracy to distribute marijuana instead of retrying him." *Jones I*, 17 Fed. Appx. at 245. As to Jones's *Apprendi* argument, we agreed that "[t]he statutory maximum sentence for conspiracy to distribute marijuana without a jury finding of a specific threshold quantity of marijuana is five years imprisonment; the maximum sentence is ten years imprisonment if the defendant has a prior felony drug conviction." *Id.* at 248. Accordingly, we vacated Jones's sentence and remanded "for resentencing in accordance with the statutory maximum for the least-punished object of the conspiracy (distribution of marijuana)." *Id.* at 250. "Because the scope of our remand order reasonably encompasses those matters relevant to determining the appropriate [statutory maximum]," consideration of the § 851 issue at Jones's resentencing was

entirely appropriate. *United States v. Henoud*, 81 F.3d 484, 487 n.8 (4th Cir. 1996). *Cf. United States v. Husband*, 312 F.3d 247, 250 (7th Cir. 2002) ("[T]his court does not remand issues to the district court when those issues have been waived or decided."). Thus, Jones was free to argue at his resentencing, as he did, that in his case the statutory maximum for the marijuana conspiracy was five years. I recognize that our *Jones I* opinion mentioned in passing that "[t]he government filed an information indicating that Jones has at least one prior felony drug conviction," *Jones I*, 17 Fed. Appx. at 245, but we did not decide whether the § 851 information had been filed and served on a timely basis.

In sum, because Jones did not have any reason to raise the § 851 issue either at his first sentencing or in his first appeal, he did not waive the issue and therefore could raise it at his resentencing.

## II.

Because Jones did not waive his right to object to the timeliness of the § 851 filing, I would consider the merits of this issue. The government filed the § 851 information after jury selection began, but before the jury was sworn. The district court concluded that its "best guess as to what the Fourth Circuit would conclude, is that what 'before trial' means in the context of this particular statute, means that in this particular case, filing and serving this notice before the jury was sworn, satisfies the statute. Whether that may be true in every situation is difficult to say." J.A. 121. The court went on to say that Jones was aware of his prior conviction and that he suffered no prejudice by being served with notice after jury selection began. The meaning of "before trial" should not vary from case to case. We should choose one of two alternatives: before jury selection begins or before the jury is sworn. I would adopt the prevailing view and hold that "before trial" means before jury selection begins.

"[E]very court of appeals to have addressed this question [in a published opinion] has concluded that before trial means before jury selection begins (which is obviously also before the jury is sworn)." *Kelly v. United States*, 29 F.3d 1107, 1110 (7th Cir. 1994), overruled on other grounds by *United States v. Ceballos*, 302 F.2d 679 (7th Cir. 2002). *See also United States v. Gonzalez-Lerma*, 14 F.3d 1479, 1484

(10th Cir. 1994); *United States v. White*, 980 F.2d 836, 842 (2d Cir. 1992); *Johnson*, 944 F.2d at 407; *United States v. Weaver*, 905 F.2d 1466, 1481 (11th Cir. 1990); *United States v. Jordan*, 810 F.2d 262, 268-69 (D.C. Cir. 1987). *But see United States v. Galloway*, 57 F.3d 1071, 1995 WL 329242, at *8 (6th Cir. May 31, 1995) (unpublished) (concluding that "trial did not begin until the jury was sworn"). In *Johnson* the Eighth Circuit gave thorough consideration to the issue that Jones raises here — whether a § 851 notice is timely if it is filed after jury selection begins but before the jury is sworn. The *Johnson* court concluded that "section 851 requires filing before jury selection begins." *Johnson*, 944 F.2d at 407. This interpretation was necessary, the court said, to "allow[ ] the defendant ample time to determine whether he should enter a plea or go to trial, and to plan his trial strategy with full knowledge of the consequences of a potential guilty verdict." *Id. Cf. United States v. Ferebe*, 332 F.3d 722, 733 (4th Cir. 2003) (indicating that for purposes of 18 U.S.C. § 3593(a)'s death notice requirement, "before trial" means before "the judge gavel[s] the trial's *voir dire* to a start"). I agree and would adopt the rule followed by the Eighth Circuit (and at least five others) that before trial means before jury selection begins.

Judge Shedd argues that the interpretation of § 851 that I and many circuits adopt leads to "a striking inconsistency." *Ante* at 13. According to Judge Shedd, "notice given after jury selection would be timely if the defendant ultimately pleads guilty, but untimely if the defendant elects to proceed to trial." *Id.* I do not see a striking inconsistency here. Once a defendant decides to plead guilty, he no longer has the need "to plan his trial strategy with full knowledge of the consequences of a potential guilty verdict." *Johnson*, 944 F.2d at 407. Specifically, if a defendant pleads guilty after jury selection, any damage to his trial strategy caused by the government's untimely § 851 filing is no longer of consequence. However, if he continues with his trial, any damage done by the untimely filing is likely to remain.

Because the government here did not file the § 851 information before jury selection began, the district court was without authority to sentence Jones to double time (ten years) for the marijuana conspiracy conviction. *See Ceballos*, 302 F.3d at 691 (recognizing that "the government's failure to satisfy the requirements of § 851(a) deprives the district court of authority . . . to impose an enhanced sentence due

to prior convictions"); *see also Weaver*, 905 F.2d at 1481 ("Even when the defendant is not surprised by the enhanced sentence, was aware from the outset that his previous conviction *could* lead to an enhanced sentence, never challenged the validity of the prior conviction, and admitted it at the sentencing hearing, the statute prohibits an enhanced sentence unless the government first seeks it by properly filing an information prior to trial.") (emphasis added). Thus, the maximum prison sentence that Jones should face for the marijuana conspiracy is five years. I would therefore vacate his ten-year prison term and remand for the imposition of a sentence in accordance with the five-year statutory maximum.